**Monnie Ann TIPS, Appellant,**

v.

**Donald D. GREEN, Appellee.**

**No. 1295.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 4, 1976.

Rehearing Denied Feb. 25, 1976.

Paul B. Miller, Jr., Houston, for appellant.

V. E. Cammack, Jr., Cammack, Harrison, Coman & Brown, Pasadena, for appellee.

CIRE, Justice.

This is an appeal from an order granting appellee's plea of privilege. Appellee Donald D. Green and appellant Monnie Ann Tips were divorced in 1969. The divorce decree awarded custody of the parties' three minor children to appellant. In 1970 appellee filed suit in the Harris County Court of Domestic Relations asking that custody of the children be changed and awarded to him. The judgment in that suit, rendered on September 22, 1970, and approved by all parties and their attorneys as to form and content, awarded custody of two of the children to appellee. Custody of the third child, Lisa Ann Green, was awarded to appellant, and appellee was ordered to make support payments in the amount of $200 per month until Lisa Ann reached the age of eighteen. The payments were to be tendered to the support division of the Harris County Probation Department.

In March 1975, after Lisa Ann had reached the age of eighteen, the court of domestic relations found appellee in default on the child support payments in the amount of $2900 and held him in contempt. The contempt order recites that the court also found appellant had purged himself of the contempt by payment of $1,000. Appellant then filed this suit in the district court to recover the remaining $1900 arrearage, alleging the judgment of September 22, 1970 was a consent judgment and therefore a contract upon which appellee is liable for the full amount of the child support payments ordered therein. Appellee filed his plea of privilege to be sued in Blanco County. Appellant controverted the plea of privilege on the basis of Tex.Rev.Civ.Stat. Ann. art. 1995, § 5 which allows a suit on a contract to be brought in the county in which the contract is to be performed. The trial court sustained appellee's plea of privilege, finding that the order of September 22, 1970 was not a consent judgment and therefore section 5 did not apply.

Appellee contends this court has no jurisdiction over the order sustaining the plea of privilege because the suit is one affecting the parent-child relationship as governed by section 11.06(f) of the Texas Family Code, which provides that an order transferring or refusing to transfer such a proceeding is not appealable. Section 11.01 of the Family Code defines a suit affecting the parent-child relationship as one

> brought under this subtitle in which the appointment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or

termination of the parent-child relationship is sought.

None of these matters is in controversy in the instant case. This is a suit in contract for damages. The custody, control, access and support of the child are not in issue and will not be affected by the outcome of this litigation. Venue is therefore controlled by Article 1995, and the order sustaining the plea of privilege is appealable by virtue of Tex.Rev.Civ.Stat.Ann. art. 2008.

The judgment of September 22, 1970 recites that it was rendered "after considering the evidence before the Court and the stipulations and agreements of the parties. . . . " Following the signature of the court there appears the notation "Approved as to form and content" and the signatures of the appellant, the appellee, and their attorneys.

█ Tex.R.Civ.P. 11 provides that an enforceable agreement between parties to a lawsuit must be in writing, signed, and filed with the papers as part of the record. Additionally, a valid consent judgment must conform strictly to the stipulations and agreement of the parties. *Farr v. McKinzie*, 477 S.W.2d 672, 676 (Tex.Civ. App.-Houston [14th Dist.] 1972, writ ref'd n. r. e.). We think the order of September 22, 1970 fulfills these requirements and appears, on its face, to be a consent judgment.

█ Judgments are to be interpreted according to their plain and unambiguous meaning. *Magnolia Petroleum Co. v. Caswell*, 1 S.W.2d 597, 599 (Tex.Com.App.1928, jdgmt. adopted). The judgment itself is the best evidence of its meaning. *Vance v. Wilson*, 382 S.W.2d 107 (Tex.Sup.1964). The judgment of September 22, 1970 recites it was rendered on the basis of the stipulations and agreements of the parties and is signed not only by the attorneys, but also by the parties themselves. Absent any evidence to the contrary, these recitations show, as a matter of law, that the judgment was entered by agreement.

The judgment is a consent judgment and therefore contractual in nature and performable in Harris County. *DeLee v. Allied Finance Company*, 408 S.W.2d 245, 247 (Tex.Civ.App.-Dallas 1966, no writ). It was error for the trial court to sustain appellee's plea of privilege. The judgment of the trial court is reversed, and judgment is here rendered that appellee's plea of privilege is overruled.

Reversed and rendered.