**Peyton COTTRELL, Appellant,**

v.

**CARRILLON ASSOCIATES, LTD., Appellee.**

**No. 01–82–0177–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 28, 1982.

Rehearing Denied Dec. 16, 1982.

William Yahner, Houston, for appellant.
Kelly Coghlan, Houston, for appellee.

Before PRICE, DOYLE and WARREN, JJ.

## OPINION

PRICE, Justice.

This is an appeal from the granting of a summary judgment. The trial court awarded appellee, Carrillon Associates, Ltd., the sum of $5,948.00 plus attorney's fees, interest, and court costs for rent due under a commercial real estate lease. The appellant presents five points of error. We affirm the judgment.

On or about August 1980, James Maxwell conveyed the Carillon West Shopping Center to appellee. As part of the contract for sale, Maxwell agreed to require appellant to sign and execute a lease addendum for his lease at Carillon West Shopping Center. The lease expired of its own terms January 31, 1981, with the appellant owing rent back to August 22, 1980. The appellee filed suit for the delinquent rent and subsequently presented a motion for summary judgment. Appellant responded to the motion by filing his First Amended Original Answer in which he contested the validity of the debt by relying on the affirmative defenses of waiver, estoppel, release and accord and satisfaction. Concurrent with filing his First Amended Answer, appellant filed a Response To Motion For Summary Judgment alleging only that there are disputed fact issues as reflected by the accompanied affidavit of James L. Maxwell. The trial court granted appellee's motion for summa-

ry judgment and appeal is from that judgment.

Appellant contends, in four grounds of error, that by his First Amended Answer supported by the affidavit of Maxwell, genuine issues of fact were presented to the trial court consistent with the affirmative defenses of waiver, estoppel, release and accord and satisfaction. He argues before this court and in his brief that he relies solely on his amended answer to expressly present these defensive issues and on the affidavit to provide the factual controversies. He was careful to point out in argument that he had no intention of incorporating, by reference or otherwise, his amended answer into his Response to Motion for Summary Judgment as he did the affidavit of Maxwell.

In considering appellant's argument, we note that Rule 166–A(c) Tex.R.Civ.P. mandates that "issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." "Answer", in the context of this rule, has been interpreted to be an answer in response to the motion for summary judgment rather than an answer generally filed by a defendant in response to a petition. *Feller v. Southwestern Bell Tel. Co.,* 581 S.W.2d 775 (Tex.Civ. App.—Houston [14th Dist.] 1979, no writ); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). Summary judgment pleadings provide the same function for the purpose of summary judgment as principal pleadings provide for the purpose of trial. They must define the issues so that the opposing party and the court are properly apprised of all matters that a party expects to assert as justification for his claim.

A non-movant in a summary judgment proceeding, who expects to rely on matters set out in rules 93 and 94, in order to avoid movant's entitlement, must expressly present the matters in a written response to a motion for summary judgment. The non-movant also must present summary judgment proof, when necessary to establish a fact issue. The duty of the trial court or the appellate court does not include sifting the summary judgment record to determine if there are issues that could be raised by the non-movant in the trial court. *Wooldridge v. Groos National Bank,* 603 S.W.2d 335 (Tex.Civ.App.—Waco 1980, no writ).

█ In the instant case, we have examined appellant's response and find that it neither directly nor indirectly by reference expressly presents to the trial court any of the affirmative defenses on which he is trying to rely. Appellant argues that the affidavit of Maxwell attached to his response raised the issues of waiver, estoppel, release and accord and satisfaction sufficient to defeat appellee's right to the summary judgment. For guidance in answering this claim, we look to the analogous situation described in *Wooldridge v. Groos National Bank,* supra. There the Court of Civil Appeals affirmed the trial court's rendering of a summary judgment where the non-movant failed to expressly present his affirmative defense of "fraud" in his response, even though he clearly set out, in the affidavit attached to the response, facts sufficient to raise a question on the issue of "fraud." Therefore, in the present case, we do not reach the question of the sufficiency of the allegations in Maxwell's affidavit that appellant contends establish the factual issues of the affirmative defenses; rather we hold that the non-movant did not expressly present to the trial court, by way of written response, the issues of waiver, estoppel, release and accord and satisfaction. We overrule appellant's first four points of error.

Because the appellant did not properly present issues in response to appellee's motion for summary judgment, the trial court properly granted the motion only if the summary judgment evidence showed that appellee was entitled to prevail on each element of his cause of action. In his fifth point of error, appellant challenges the sufficiency of that evidence.

The record reflects that the appellee's evidence consisted of an affidavit of Mike Lowery, an employee, officer and duly authorized agent for appellee. Attached to

this affidavit are four exhibits labeled "A", "B", "C" and "D."

These documents show that appellee was the owner of the leased premises during the period in question (Exhibit "A") and that appellee was the lessor under appellant's lease (Exhibit "B"). The lease and the addendum state the rental period and the terms and the amount of rent (Exhibit "C", Exhibit "O"). Appellee's evidence further shows that appellant did not pay his rent for the months in question and the amounts of rent not paid (Exhibit "C").

The appellant contends that the Lowrey affidavit is defective because it merely states that he has personal knowledge of every statement contained therein and that there is nothing to expressly show how he learned of or knew of these facts. Appellant maintains that this is an insufficient method of establishing facts because such statements are merely conclusionary and violates the principle that summary judgment proof must consist of evidence that is admissible in trial. *Miller and Freeman Ford, Inc. v. Greater Houston Bank,* 544 S.W.2d 925 (Tex.1976); *Dallas Eight, Ltd. v. Aaron Rents, Inc.,* 560 S.W.2d 778 (Tex. Civ.App.—Tyler 1977, no writ). Rule 166–A(e) states that affidavits should set forth such facts as would be admissible in evidence.

Appellee contends that he has satisfied Rule 166–A(e) because the Lowrey affidavit states that Mike Lowrey is "an employee and officer and a duly authorized agent" for appellee and that he has "personal knowledge of the facts stated herein, and that they are true and correct," and as authority cites *Barham v. Sugar Creek National Bank,* 612 S.W.2d 78 (Tex.Civ.App.— Houston [14th Dist.] 1981, no writ). We agree. The facts in Lowrey's affidavit pertain to the lessor-lessee arrangement, the terms of the lease and the amount of the rent that was due. Lowrey's position as an officer and authorized agent of appellee peculiarly qualifies him to have personal knowledge of these facts.

The appellant next argues that the affidavit is totally defective because it does not lay the proper predicate for admissibility into evidence of any of the exhibits attached to the affidavit as required under the Business Records Act, Art. 3737e. Further, he asserts that the attached exhibits are not properly verified or sworn to, and therefore are not competent as summary judgment proof.

■ We hold that these are defects of form and not of substance and could have been readily corrected in the affidavit upon proper objection. Defects of form are waived if not pointed out to the trial court before summary judgment is rendered. Rule 166A–(e), Tex.R.Civ.P.; *Life Ins. Co. of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378 (Tex.1978); *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230 (Tex.1962); *Chandler v. El Paso National Bank,* 589 S.W.2d 832 (Tex.Civ.App.—El Paso, 1979, no writ). The appellant made no objections to these defects before the trial court; consequently, they are waived.

Appellant next maintains that the statement in Lowrey's affidavit, "Plaintiff is the holder and beneficiary of said document," is an effort to bring this case under the U.C.C. law of negotiable instruments and that such statement is conclusionary and insufficient. We disagree. Appellee's cause of action is for failure to pay rent and has nothing to do with negotiable instruments. The statement in the affidavit merely refers to the appellee being in possession of the original documents.

■ Finally, appellant contends that there is no summary judgment proof in Lowrey's affidavit that appellee itself performed the lease agreement with appellant. Appellee's cause of action, however, is not one that depends upon the performance or occurrence of a condition precedent by the appellee. A landlord's covenant to repair and a tenant's covenant to pay rent are independent covenants unless the contract evidences the contrary. *Edwards v. Ward Associates, Inc.,* 367 S.W.2d 390 (Tex.Civ. App.—Dallas 1963, writ ref'd n.r.e.). We overrule the appellant's fifth point of error.

The trial court's judgment is affirmed.