Robert GUTIERREZ, Appellant,

v.

T.J. YANCEY and Carl Grigar,
Appellees.

No. 04–81–00482–CV.

Court of Appeals of Texas,
San Antonio.

March 23, 1983.

J.G. Hornberger, Jr., Laredo, for appellant.

Lawrence A. Mann, Laredo, for appellees.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a take-nothing judgment rendered against appellant Robert Gutierrez, in a suit by him against appellees, T.J. Yancey and Carl Grigar, which sought to establish the existence of a partnership and for accounting and debt. The case was tried to the court on stipulated facts. Tex.R.Civ.P. 263. Appellant's two points of error contend, respectively, that as a matter of law a partnership did exist between the parties and that appellees were liable for their proportionate share of the partnership losses. We affirm.

The parties stipulated that the nature of their relationship was to be determined by the court from a contract entered into by the parties on September 22, 1977, captioned "Farming Agreement." It provided, in part:

This contract evidences an agreement between T.J. Yancey, Robert Gutierrez, and Carl Grigar, all of Webb County, Texas, witnesseth:

WHEREAS, T.J. Yancey has for a long period of years been engaged in farming and ranching enterprises in Webb County, Texas, and has all of the farming equipment necessary for the producing of crops that are generally grown in the Webb County farming area, and has under his control and possession a farm located approximately eight (8) miles southeast of Laredo, Texas, which farm is divided by U.S. Highway 83, such farm or ranch being known as the San Rafael Farm. The portion of the farm covered by this contract is approximately 380 acres of land situated on the southwestern side of U.S. Highway 83 and extends to the banks of the Rio Grande River;

. . .

WHEREAS, it is the intention of the parties to this contract to prepare the land, plant, cultivate and produce and sell from two hundred to three hundred acres of onions on such land;

AND IN FURTHERANCE of such farming enterprise the parties have agreed as follows:

T.J. Yancey will furnish all the farming and irrigation equipment . . . the overall supervision . . . to prepare, plant and bring to harvest such intended crop of onions. T.J. Yancey will also furnish the

land for the hereinafter quoted consideration;

Robert Gutierrez will furnish the necessary capital to finance the preparations of land, planting, and growing of such onions. Included in this growing cost will be all necessary fuel, oil and repairs for the farming equipment furnished by T.J. Yancey;

Carl Grigar will assist T.J. Yancey in the general supervision of the planting, growing, harvesting, sacking and marketing of such onion crop. Carl Grigar will draw the sum of Three Hundred ($300.00) Dollars per week during the growing and harvesting of the crop. Twenty-five percent (25%) per month of monies drawn by Carl Grigar will be charged against his percentage of the profits.

T.J. Yancey and Carl Grigar agree, immediately upon the signing of this contract, to commence farming operations and will prepare and plant in accordance with accepted farm practices in the Laredo area.

The parties have agreed to have their own onion packing shed and to construct such packing shed on the San Rafael Farm at a location mutually agreed upon. It is further agreed upon between the parties that T.J. Yancey presently owns the lumber and materials necessary to build a 40′ × 60′ shed for such onion sacking equipment and for an office and Robert Gutierrez will furnish the necessary money for the labor to build such shed. Carl Grigar will furnish his labor and talents in the construction of the shed and the assembling of the packing equipment. It is further understood that the parties will own such packing equipment and office machinery jointly in a percentage of ownership that is hereinafter set out. It is understood however, the building, when completed, will belong to T.J. Yancey.

Should the crop be brought to a successful harvest and after such crop is sold and after all expenses of growing the crop, packing and marketing are paid and all capital expended by Robert Gutierrez has been repaid, then the balance from the sale of the crop of onions which represents the profits, will be divided as follows:

50% of the profits are to go to T.J. Yancey

40% of the profits are to go to Robert Gutierrez

10% of the profits are to go to Carl Grigar

It is further understood that T.J. Yancey will be paid rent for the land in the amount of $4,940.00. . . .

EXECUTED this the 22nd day of September, 1977.

_____
T.J. Yancey

_____
Robert Gutierrez

_____
Carl Grigar

The parties further stipulated that Gutierrez had advanced $131,987.00 incident to the production and marketing of the crop and that no profit had been realized by the parties.

 It is axiomatic that the burden of proof is on the party seeking to establish the existence of a partnership or joint venture. *Rogers v. Butler,* 563 S.W.2d 840, 842 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.). The intention of the parties is dispositive as to the existence of such relationships *Luling Oil & Gas Co. v. Humble Oil & Refining Co.,* 144 Tex. 475, 191 S.W.2d 716, 722 (1945) and it is incumbent upon the trier of fact to consider all parts of the instrument in determining the parties' intent. *Steeger v. Beard Drilling, Inc.,* 371 S.W.2d 684, 688 (Tex.1963).

 A joint adventure arises when parties engage in the joint prosecution of a particular transaction for profit. *Holcomb v. Lorino,* 124 Tex. 446, 79 S.W.2d 307 (1935). The establishment of a joint adventure requires: (1) a community of interest in the venture; (2) an agreement to share profits; (3) an agreement to share losses, costs or expenses, and; (4) a mutual right of control or management of the enterprise. *Coastal Plains Development Corp. v. Mi-*

*crea, Inc.,* 572 S.W.2d 285, 287 (Tex.1978). The existence of the joint adventure is a question of law. *Tex-Co Grain Co. v. Happy Wheat Growers, Inc.,* 542 S.W.2d 934, 936 (Tex.Civ.App.—Amarillo 1976, no writ). The instant contract explicitly provided for the allocation of potential profits but made no provisions for the sharing of losses. A failure by the parties to agree to share losses precludes the existence of the joint venture. *Fry v. Shaw,* 508 S.W.2d 142, 145 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r. e.). We hold that, as a matter of law, the contract did not create a joint adventure.

The association of two or more persons as co-owners of a business for profit constitutes a partnership. Tex.Rev.Civ. Stat.Ann. art. 6132b, § 6 (Vernon 1970). Section 7 sets out the criteria to determine the existence of a partnership, stating in pertinent part:

(4) The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment:

(a) As a debt by installments or otherwise,

(b) As wages of an employee or rent to a landlord,

(c) As an annuity to a widow or representative of a deceased partner,

(d) As interest on a loan, though the amount of payment vary with the profits of the business,

(e) As a consideration for the sale of a good-will of a business or other property by installments or otherwise.

The establishment of an agreement to share profits is "prima facie evidence" of a partnership. *Id.* Even when none of the five specific exceptions of section 7 applies, the finder of fact is not obligated to find that a partnership existed where there is probative evidence tending to negate the existence of a partnership. *Tex-Co Grain Co., supra,* at 937.

An agreement to share profits does not by itself establish the fact of partnership. *Id.* While not conclusive, the absence of an express provision obligating the parties to share in any losses is indicative that a partnership was not intended. *Davis v. Gilmore,* 244 S.W.2d 671, 673–674 (Tex. Civ.App.—San Antonio 1951, writ ref'd). In order for there to be a partnership the parties must participate in the profits and share them as principals of the business, as distinguished from an interest therein as compensation under a profit-sharing agreement. *LeBus v. LeBus,* 269 S.W.2d 506, 511 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n.r.e.).

In the instant case, the agreement contained no provision obligating the parties to share losses. The expenses of production and marketing were to be paid solely by Gutierrez. The only tangible property to be held jointly was the packing equipment and office machinery located in the onion packing shed. The trial court could have construed the agreement as one to share profits as compensation under a profit sharing agreement. If there is some evidence of substantial and probative character to support the fact determination that a partnership did not exist, the judgment will not be set aside merely because the trier of fact could have drawn different inferences and conclusions. *Commercial Union Assurance Co. v. Foster,* 379 S.W.2d 320, 323 (Tex.1964). We hold that appellant did not establish, as a matter of law, the existence of a partnership. Accordingly, since neither a joint venture nor partnership existed, appellees were not required to share the losses sustained by appellant. Appellant's points of error are overruled.

The judgment of the trial court is affirmed.