Robert H. HOLMES, Appellant,

v.

DALLAS INTERNATIONAL BANK, Appellee.

No. 05–85–01142–CV.

Court of Appeals of Texas, Dallas.

Sept. 4, 1986.

Rehearing Denied Oct. 13, 1986.

Bill Hunter, Sabrina Skeldon, Dallas, for appellant.

J. Alan Gray, Dallas, for appellee.

Before GUITTARD, C.J., and DEVANY and SCALES, JJ.

GUITTARD, Chief Justice.

Dallas International Bank sued Charles Shelton on a promissory note and to foreclose a security interest on certain shares of stock pledged by Shelton. It also sued Robert Holmes on his guaranty of the note. Holmes pleaded various defenses, including a defense of usury and an allegation that the bank had previously disposed of the collateral. Holmes also counterclaimed for damages for usury. The trial court rendered summary judgment against both defendants for the amount claimed on the note, foreclosed the security interest, and denied Holme's counterclaim. We affirm.

### The Affirmative Defenses

■ Holmes contends that the trial court erred in failing to find that a fact issue existed with respect to his affirmative defenses of usury and prior disposition of the collateral. We overrule this contention on the ground that Holmes failed to present these issues expressly to the trial court in his response to the bank's motion for summary judgment, as required by rule 166–A(c) of the Texas Rules of Civil Procedure, which provides, "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered as grounds for reversal." In the context of the rule, "answer" refers to an answer to the motion for summary judgment, not to a defensive pleading responding to a petition. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 677 (Tex.1979).

Holmes's response to the motion for summary judgment is as follows:

Holmes has filed his First Amended Original Answer to Plaintiff's Original Petition, raising numerous defenses to his alleged liability to DIB. The allegations of Holmes First Amended Original Answer together with the Affidavits of M.E. Shelton and Robert Holmes submitted in support of this response, together with the entire record of this mat-

ter, demonstrate that genuine issues as to material facts exist in this proceeding.

■ Pleadings are not considered in determining whether a fact issue is "expressly presented in a response to a motion for summary judgment." *Clear Creek,* 589 S.W.2d at 678. Nor is a fact issue "expressly presented" by an affidavit filed in opposition to a motion for summary judgment, although the affidavit may state facts that would raise a fact issue with respect to an affirmative defense, if the answer to the motion or other written response fails to point out the fact issue raised by the affidavit. *Cottrell v. Carrillon Associates, Ltd.,* 646 S.W.2d 491, 493 (Tex. App.—Houston [1st Dist.] 1982, no writ); *Wooldridge v. Groos National Bank,* 603 S.W.2d 335, 344 (Tex.Civ.App.—Waco 1980, no writ). Under these authorities, since rule 166–A(c) was amended to include the provision above quoted, it is no longer the duty of the trial court or appellate court to sift the summary-judgment record to see if there are fact issues that could be raised by the opposing party, but were not. *Cottrell,* 646 S.W.2d at 493; *Wooldridge,* 603 S.W.2d at 344.

In the present case, since Holmes's answer to the motion for summary judgment merely refers generally to his pleading and fails to specify any particular fact issue alleged in the pleading and raised by factual statements in the attached affidavits, we hold that no issue concerning any of his affirmative defenses was expressly presented to the trial court. Therefore, we find no error in the summary judgment with respect to the affirmative defenses.

### The Counterclaim

■ A different analysis applies to the counterclaim. No response is needed to contend on appeal that grounds presented in the motion for summary judgment are insufficient to support a summary judgment denying the opposing party's claims for affirmative relief. *Clear Creek,* 589 S.W.2d at 678. Consequently, we must consider whether the motion for summary judgment is sufficient to negate one or

more essential elements of Holmes's counterclaim. The counterclaim alleges that neither the note nor the guaranty specify or provide a stated rate of interest, and, therefore, the maximum interest allowed by article 5069–1.03 of the Texas Revised Civil Statutes (Vernon Supp.1986) is six percent per annum commencing on the thirtieth day after the due date.

The bank's motion for summary judgment incorporates the affidavit of its president, Richard S. Bartholow. Bartholow's affidavit states that the note charged interest at two percent over the prime rate announced from time to time by the bank. This statement does not conclusively negate the basis of Holmes's counterclaim because it depends upon the provisions of the note, which contains a promise to pay interest as follows:

> <u>Two</u> percent (<u>2.00%</u>) in excess of the prime rate announced from time to time by _____ or, in the event such bank ceases to announce a prime rate, then the prime rate announced from time to time by the Bank ("Prime Rate").

The note indicates elsewhere that "the Bank" refers to Dallas International Bank.

■ Holmes contends that this provision is not effective to specify a rate of interest because it does not specify which bank's prime rate controls the interest rate of the note and because the clause allowing Dallas International Bank's prime rate to control depends upon the unfulfilled condition precedent that the unspecified bank cease to announce a prime rate. We disagree. The parties to an instrument are presumed to intend every provision to have effect. *Westwind Exploration, Inc. v. Homestate Savings Ass'n.*, 696 S.W.2d 378, 382 (Tex. 1985). In the instant case, the parties specified two percent in excess of the prime rate announced by some bank as the rate of interest charged by the note. The only bank mentioned in connection with this provision is Dallas International Bank. Although there was a blank where the parties could designate the prime rate to be announced by a bank other than Dallas International as controlling, we conclude that the uncompleted blank and the language referring to the prime rate to be announced by some unspecified bank do not render the entire provision without effect. *See Morrow v. Morrow*, 382 S.W.2d 785, 786 (Tex. Civ.App.—Fort Worth 1964, no writ) (unnecessary words will not invalidate an instrument where its meaning is not altered or made uncertain).

Clearly, the parties intended to provide a rate of interest of two percent above a "prime rate" to be announced later. This intent is shown by their insertion of the word "two" and the figure "2.00" before the printed words "percent in excess of the prime rate...." The question is whether that intent is frustrated by their failure to insert the name of a bank other than Dallas International in the blank space following the printed words, "The prime rate announced from time to time by...." No effect can be given to these printed words because they are meaningless without the name of a bank in the blank space. Likewise, no effect can be given to the words immediately following the blank space, "or, in the event such bank ceases to announce a prime rate, then" because this language, also, is meaningless without the name of a bank in the blank space.

However, it does not follow that no effect can be given to the remaining words in the interest provision. After deletion of the obviously meaningless language, the provision then reads, "two percent (2.00%) in excess of ... the prime rate announced from time to time by the Bank ("Prime Rate"). We are unwilling to hold that the words, "or, in the event such bank ceases to announce a prime rate, then" are meaningless in specifying a prime rate to be announced by some other bank, but are effective as a condition precedent to Dallas International's announcement of a prime rate. Such a construction would defeat the obvious intent to prescribe a rate of interest two percent above a prime rate to be announced later.

Looking at the instrument from its four corners, we conclude that the quoted provision was intended to establish an interest

rate of two percent in excess of the prime rate announced from time to time by Dallas International Bank. Thus, the motion for summary judgment and the summary-judgment proof conclusively negate Holmes's contention that the interest charged is usurious because no rate of interest is provided. Therefore, summary judgment was properly rendered against Holmes on his counterclaim.

Affirmed.