Leah HILL, et al., Appellants,

v.

BELLVILLE GENERAL
HOSPITAL, Appellee.

No. 01–86–00718–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 13, 1987.

John W. Donovan, Gano & Donovan,
Houston, for appellants.

Bradley K. Douglas, Fred E. Davis,
Davis & Davis, Austin, for appellee.

Before EVANS, C.J., and SAM BASS and LEVY, JJ.

LEVY, Justice.

The appellants, Leah Hill and Chester Hill, individually and as next friends of Baby Hill, appeal the trial court's order granting the appellee's motion for summary judgment and severance in a suit for negligence. The Hills assert four points of error. This appeal is a companion case to the Hills' appeal against J.E. Justiss, M.D., No. 01-86-00845-CV (Tex.App.—Houston [1st Dist.], July 2, 1987, no writ) (not published), wherein we also reversed the summary judgment granted by the trial court and remanded for trial.

Leah Hill was admitted to Bellville General Hospital ("Hospital") shortly after midnight on December 13, 1980, in active labor for delivery of her full-term fetus. Her labor progress and the fetal heart tone were monitored by nurses at the Hospital approximately every 15 minutes by a device called a Doppler. According to the Hospital's records, the last clear indication of a fetal heart tone was at about 2:30 a.m., but deposition testimony of two nurses indicated that there may have been a heart tone as late as 3:15 a.m. The attending physician, who was still at his home, was notified at 3:20 and again at 3:50 a.m. that the nurses were unable to hear a fetal heart tone. He arrived at the Hospital at approximately 4:00 a.m. and delivered the baby by caesarean section. The baby was stillborn.

The Hills filed a negligence suit against the Hospital and the physician, alleging that the Hospital was negligent through its agents, servants, and employees in the following particulars:

(1) failing to properly and timely follow or use written instructions ("Routine Admission Orders—OB") during Leah Hill's admission in Defendant hospital on the occasion in question;

(2) failing to properly and timely use fetal and maternal monitoring equipment on patients on the occasion in question;

(3) failing to properly and timely use oxygen mask on Leah Hill on the occasion in question;

(4) failing to provide properly working or functioning fetal monitoring devices or instruments to monitor the patients on the occasion in question;

(5) misuse of obstetrical admission orders and fetal monitoring devices or instruments by not providing trained personnel to interpret data from the fetal monitors and timely and properly provide care and treatment of patients on the occasion in question.

The Hospital filed a motion for summary judgment based on the Hills' failure to provide a notice of claim within six months of the occurrence, as required by the Texas Tort Claims Act, Tex.Rev.Civ.Stat. art. 6252-19, sec. 16 (Vernon 1970), recodified in Tex.Civ.Prac. & Rem.Code sec. 101.101 (Vernon 1986), alleging that the Hills' original petition lacked allegations of causation "by a condition or use of tangible personal or real property" as required by the Act.

Summary judgment was granted in favor of the Hospital, and on the Hills' "motion for rehearing," the summary judgment was reaffirmed by the trial court.

To establish its right to summary judgment, the Hospital had the burden to show that no material fact issues existed in the case and that it was entitled to judgment as a matter of law. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983).

It is undisputed that the Hospital is a "governmental entity" within the meaning of the Texas Tort Claims Act and is immune from lawsuits except to the extent expressly provided in the Act. The Act provides for the waiver of governmental immunity from tort litigation in three general areas: the use of publicly owned automobiles, defects in public premises, and injuries arising out of conditions or uses of public property. *See Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex.1976).

In their first and second points of error, the Hills claim that the trial court erred in granting the Hospital's motion for summary judgment because there existed a

genuine issue of material fact in that the evidence established that the Hospital had *actual* knowledge that death and injury occurred to the Hills. The Hills assert that their claim of actual notice is supported in the transcript on file.

The Hospital contends that this Court may not review the Hills' actual knowledge argument because the Hills failed to timely file the transcript, which forms the factual basis for their claim. The Hospital relies on Tex.R.App.P. 54, which provides that the transcript must be filed within 60 days after the judgment is signed, or within 100 days after the judgment is signed if a timely motion for a new trial has been filed.

The summary judgment was entered July 9, 1986. The Hills filed a "motion for rehearing" on July 17, 1986. The transcript was filed on September 16, 1986, within 100 days after the date of judgment.

A "motion for rehearing" has been held to be the equivalent of a "motion for new trial." *Hill v. Milani*, 678 S.W.2d 203, 205 (Tex.App.—Austin 1984), *aff'd*, 686 S.W.2d 610 (Tex.1985). Therefore, the motion is deemed to be a motion for new trial, and their transcript is timely filed.

The Texas Tort Claims Act, section 101.-101(a), requires that a claimant give notice to a governmental unit not later than six months after the day that the incident giving rise to the claim occurred. An exception to the statute exists if "the governmental unit has actual notice that the death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged." Section 101.-101(c). The "actual notice" exception means that the governmental entity received the knowledge that it would have received if the appellants had complied with the formal notice requirements. *Collier v. City of Texas City*, 598 S.W.2d 356, 358 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ).

The Hospital asserts that the only summary judgment evidence presented to the trial court by the Hills in support of their claim of actual notice is the Hospital's an- swer to interrogatory number 23, as follows:

> Were any "incident or investigative reports" prepared by the personnel of the Defendant herein, including but not limited to, nurses, technicians and administrative staff, concerning the circumstances that are made the basis of this lawsuit?
> Answer: Yes, but they are privileged.

The Hospital does not dispute the fact that the death of the fetus and the time, manner, and place of the incident were known by the Hospital. *See Collier*, 598 S.W.2d at 358. In addition, the Hospital admitted that it had made an incident or investigative report of the incident. *See City of Galveston v. Shea*, 607 S.W.2d 942, 945–946 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). Deposition testimony indicates that a determination was made by Hospital officials regarding the cause of death. We conclude that the evidence is sufficient to raise a genuine issue of material fact with respect to whether the Hospital had "actual notice" of the death and the injury to the Hills.

The first and second points of error are sustained.

■■■ The Hills assert in their third point of error that the trial court erred in granting the Hospital's motion for summary judgment because the First Amended Original Petition, which was on file prior to the trial court's ruling, clearly established that there were allegations by the Hills that the injury and death were caused by a condition or use of tangible personal property. The Hospital's motion for summary judgment directed itself only toward the earlier original petition of the Hills.

A summary judgment may not be granted based on a pleading deficiency that could be cured by amendment, without first giving an adequate opportunity to amend the pleadings. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983); Tex.R. Civ.P. 91; *see, generally*, Hittner, *Summary Judgments in Texas*, 22 Houston L.Rev. 1109 (1985). In the instant case, the Hospital contended in its motion for summary judgment that the pleadings did not *allege* causation under the Tort Claims Act by "a

condition or use of tangible personal or real property." The only verification of the allegations in the petition is, obviously, the petition itself, and it is the pleadings that we now consider.

The Hospital relies on *Holmes v. Dallas Int'l Bank,* 718 S.W.2d 59 (Tex.App.—Dallas 1986, writ ref'd n.r.e.), to support its contention that pleadings are not considered in determining whether an issue is presented to the trial court. *Id.* at '60. *Holmes* is not on point. In *Holmes,* the court held that a general reference to the pleadings in an answer to the motion for summary judgment failed to expressly present a fact issue to the trial court. *Id.* at 61.

The Hills' subsequently filed First Amended Original Petition asserted a cause of action "caused by a condition or use of tangible personal property" and thus was clearly sufficient to state a cause of action within section 101.101. Any relief granted on the basis of a deficiency in the form of the Original Petition was premature and improper. The Hills' third point of error is sustained.

 In light of the foregoing, we need not consider the Hills' fourth point of error claiming that the trial court abused its discretion and erred in failing to grant their motion for rehearing and in failing to set aside its order granting summary judgment. We will, however, consider the Hospital's contention that the trial court's order affirming its earlier order granting summary judgment was actually a consent order and thus may not be appealed. The Hospital argues that the typed notation, "Approved," followed by the signature of the Hills' attorney, is an even broader approval than the notation, "Approved as to form and substance." We disagree.

The Hospital cites many cases in support of its contention that a signed approval has the effect of making a judgment a consent judgment. But in *all* cases cited, the language was never less than "Approved as to form and substance." *See Hollen v. State Farm Mutual Auto. Ins. Co.,* 551 S.W.2d 46, 48 (Tex.1977); *Houston Drywall, Inc. v. Constr. Systems, Inc.,* 541 S.W.2d 220, 222 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *Tips v. Green,* 533 S.W.2d 155, 157 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ dism'd); *DeLee v. Allied Finance Co.,* 408 S.W.2d 245, 247 (Tex.Civ. App.—Dallas 1966, no writ); *Campbell v. Kracke & Flanders,* 100 S.W. 1028, 1029 (Tex.Civ.App.1907, no writ). The notation, "Approved," standing alone, is too indefinite to justify declaring, as a matter of law, that a judgment is a consent judgment. Here, there are no other indicia of consent or agreement. To the contrary, the Hills had *already* filed an appeal bond and a request to the clerk to include material in the transcript. Such existing indications of the intent to appeal strongly tend to prove that the Hills did *not* consent to the judgment rendered by the court, but rather sought to nullify and reverse that judgment. "Consent" must be explicitly and unmistakably given, and the record does not show that it was so given in this case.

The judgment of the trial court is reversed and the cause is remanded.