**David L. MURPHY, Appellant,**

v.

**McDERMOTT INCORPORATED, Appellee.**

**No. C14–90–183–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 14, 1991.

Rehearing Denied March 14, 1991.

Greg Frazer, Austin, for appellant.

Thomas A. Brown, Mark C. Clemer, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

This appeal arises from a summary judgment on a suit for damages resulting from appellee's alleged breach of an oral contract. The trial court granted appellee's cross-motion for summary judgment and thereby held there was no genuine issue as to any material fact and that the appellee was entitled to a judgment as a matter of law. Tex.R.App.P. 166a(c). We reverse and remand for a trial on the merits.

In 1986, appellant, a marine equipment broker, discovered some underutilized barges and marine equipment owned by Brown & Root International, Inc. Appellant began to search for possible buyers in an effort to generate a business deal. Appellant contacted a third party, James L. Taylor, who had contacts with appellee in its New Orleans headquarters. Appellant and Taylor agreed to divide any commissions from the sale of marine equipment to the appellee on a fifty/fifty basis. In the summer of 1986, appellant and Taylor met with two representatives of the appellee to discuss the Brown & Root marine equipment that was coming on the market. Appellee then expressed an interest in specific marine barges and asked for information and prices on those vessels from appellant and Taylor. The later facts are in dispute.

According to depositions filed by appellee, a representative of the appellee asked appellant and Taylor what they would want in the way of a "finders fee" for their work on those *particular pieces of equipment.* Appellant and Taylor indicated that they wished 5% of the purchase price. Appellee's representative indicated that pending approval from his superiors their requested commission would be generally acceptable. Shortly thereafter, the appellee's representative indicated that a finders fee of 5% of

the purchase price of the equipment was approved by an executive of appellee. Taylor presumed that the finder's fee agreement applied to the list of equipment originally offered to the appellee. The fee agreement between appellant and appellee was oral and never reduced to writing.

During the summer of 1986, appellant presented suggested prices to appellee for the marine equipment. The brokers and buyer agreed on an offer totalling $4.4 million for seven vessels. Various methods of consummating the sale were discussed including the use of a "shell corporation" through Taylor's bank in New Orleans in order to disguise the identity of the appellee as buyer. Taylor and appellant presented the offer to Brown & Root on August 7, 1986. On September 16, 1986, Brown & Root sent appellant and Taylor a telex declining their offer. After rejection of the initial offer, appellant continued to work with appellee and Brown & Root concerning the same marine vessels involved in the initial offer. Brown & Root later issued a price list of the marine vessels it had available for sale to everyone in the marine industry, including appellee. After the price list was published, appellee began negotiating directly with Brown & Root without consulting Taylor and appellant. On November 11, 1986, Brown & Root indicated that they would accept $8.7 million for the three pieces of equipment in which appellee had been interested previously, plus a material barge. Executives representing appellee authorized up to $8.8 million for the purchase of the equipment subject to the approval of the chairman of the board.

On November 14, appellee told Taylor that Brown & Root wanted $8.7 million and that appellee would give Taylor and appellant only $100,000. Appellee told Taylor that unless he and appellant were satisfied with this sum, appellee would not go through with the purchase of the equipment. Taylor told executives representing appellee that he would have to consult Murphy before accepting the $100,000. At first, appellant told Taylor not to take anything on appellant's behalf. Later, appellant reluctantly agreed to accept $50,000 in lieu of reimbursement from appellee. Upon receipt of the check from appellee, Taylor signed a document drawn by appellee in which Taylor agreed that $100,000 was the total finders fee owed to the brokers as a result of the Brown & Root transaction. During these negotiations between buyer and brokers, appellee did not return appellant's phone calls. Appellee then completed the purchase of marine equipment from Brown & Root for $8.7 million. *Three of the four* marine vessels that appellee then purchased were included in appellant's August 7th offer.

In October 1988, appellant sued appellee alleging that appellant was entitled to a 5% commission ($435,000) minus $100,000 already paid. On October 26, 1989, appellant filed a motion for partial summary judgment asserting that appellee unilaterally decided to breach the oral contract between appellant, Taylor and appellee. Appellant further asserted that he was the "procuring cause" of the sale and that Louisiana law applied because of the Texas rules which provide that the law of the state with the most significant relationship to the contract applies. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 420–22 (Tex. 1984). Appellant also filed an affidavit in support of his motion for summary judgment on the same day. Appellee filed a response and cross-motion for summary judgment advancing four grounds in support of its cross-motion: (1) appellant failed to fulfill conditions precedent for the brokerage agreement, (2) appellant was not the procuring cause of the sale, (3) appellant is barred by the "accord and satisfaction" from pursuing his claims, and (4) appellant has released any claims against appellee. Appellant failed to file a timely response to this motion or obtain leave of court to file a late response. On December 18, 1989, the trial court granted appellee's cross-motion for summary judgment.

■ In his sole point of error, appellant claims that the trial court erred in granting appellee's cross-motion for summary judgment. Appellant claims that his summary judgment proof squarely controverts the material allegations in each of appellee's

four grounds, thereby raising issues of material fact. Secondly, appellant attacks the appellee's summary judgment evidence claiming that it is legally insufficient to establish any of the four claims, even in the absence of controverted evidence. Except with leave of court, a response to a cross-motion for summary judgment must be filed at least seven days before the summary judgment hearing. Tex.R.Civ.P. 166a(c). Here, the appellant's response was filed the afternoon before the hearing. The record contains no order granting leave of court to file a late response. Therefore, appellant's response was not properly before the trial court and it will not be considered for the first time on appeal. *State Bd. of Ins. v. Westland Film Indus.*, 705 S.W.2d 695, 696 (Tex.1986) (per curiam).

■ Appellant points to his affidavit, which was properly filed in support of his motion for summary judgment, as the basis for the contention that his summary judgment proof raised material fact issues. The appellant made no reference to his affidavit in any motion or written response to the court until three weeks after the summary judgment hearing. Appellant did not mention his affidavit in his response to appellee's cross-motion for summary judgment, his Post Hearing Memorandum or his Motion for Rehearing. Only the Request for Permission to File Additional Response referenced appellant's affidavit. Since appellant's response to appellee's cross-motion was untimely filed, the primary issue which appellant presents is whether his affidavit, which was properly filed with his earlier motion for summary judgment, constitutes competent summary judgment evidence in response to appellee's cross-motion.

The controlling case in summary judgment procedure is *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). In *Clear Creek*, the court stated:

Responding to the criticism that a non-movant could "lay behind the law" in the trial court and urge deficiencies for the first time on appeal, the new section (c) specifically prohibits this tactic by clearly requiring: ...

[I]ssues not *expressly presented* to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.

The word "written" modifies not only the word "motion," but also the words "answer" and "other response." The "issues" required by the rule to be "expressly presented" are those pointed out to the trial court in written motions, written answers or written responses to the motion. The term "answer" in the context of the rule refers to an answer to the motion, not an answer generally filed in response to a petition.

589 S.W.2d at 677 (italics ours); Tex.R. Civ.P. 166a(c).

In *Holmes v. Dallas Int'l Bank*, 718 S.W.2d 59 (Tex.App.—Dallas 1986), a similar issue was presented. In *Holmes*, the bank sued the appellant as a guarantor of a promissory note in default. The appellant answered with various defenses and counterclaimed with damages for usury. The bank moved for summary judgment, which was granted by the trial court. On appeal, the appellant contended that the trial court erred in failing to find a fact issue raised by his affirmative defenses plead in his answer. Appellant, the non-movant, claimed his answer, together with *affidavits* in support of his answer, "together with the entire record" demonstrated a genuine issue as to a material fact justifying reversal of the summary judgment. The *Holmes* court held that an affidavit filed in support of the appellant's answer failed to "expressly present" a fact of issue in response to a motion for summary judgment even though the attached affidavit may raise a fact issue with respect to an affirmative defense. *Id.* at 60; *Clear Creek*, 589 S.W.2d at 678. The court of appeals concluded that it is no longer the duty of the trial court or appellate court to sift the summary judgment record to see if there are fact issues that could be raised by the opposing party but were not. *Holmes*, 718 S.W.2d at 60.

In the present case, unlike *Holmes*, both parties moved for summary judgment. Although his response was untimely, appellant contends that his affidavit filed with his original motion for summary judgment raises a fact issue in response to the appellee's cross-motion. Appellant admits that the affidavit filed with his motion for summary judgment was not incorporated by reference in some other document presented to the trial court. In opposition, appellee argues that affidavits filed in support of a motion for summary judgment are not automatically placed in evidence. They must be explicitly presented to the trial court by reference. Appellee relies upon four cases for this proposition under Tex.R. Civ.P. 166a(c). *See Shank, Irwin, Conant & Williamson v. Durant, Mankoff, Davis, Wolens & Francis*, 748 S.W.2d 494, 498 (Tex.App.—Dallas 1988, no writ); *Holmes v. Dallas Int'l Bank*, 718 S.W.2d 59, 60 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *Cottrell v. Carrillon Assoc.*, 646 S.W.2d 491, 493 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Wooldridge v. Groos Nat'l Bank*, 603 S.W.2d 335, 341–42 (Tex.Civ. App.—Waco, 1980, no writ). Appellee's reliance on these cases is misplaced.

Three of those cases involved an attempt by a non-movant defendant to raise *an affirmative defense* for the first time on appeal by relying solely on affidavits. None of the cases addressed the viability of affidavits filed with a motion for summary judgment when both parties are movants. In *Holmes*, the non-movant was barred from raising the affirmative defense of *usury* by means of an affidavit attached to his pleadings. 718 S.W.2d at 60. In *Cottrell*, the court held that a non-movant failed to present issues of fact with regards to the affirmative defenses of *waiver, estoppel, release* and *"accord and satisfaction"* expressly when he relied solely on his answer and attached affidavit. 646 S.W.2d at 493. In *Wooldridge*, the court held that a non-movant failed to present his affirmative defense of *fraud* expressly even though he clearly set out, facts sufficient to raise a question on the issue of fraud in an affidavit attached to his response. 603 S.W.2d at 341–42. In the present case, it is the movant, not the non-movant, who seeks to assert the affirmative defenses of release and "accord and satisfaction."

In *Shank, Irwin*, the non-movant was precluded from raising a question of *agency* by only an affidavit from a partner filed in response to a motion for summary judgment. 748 S.W.2d at 497. It is also distinguishable. *Shank, Irwin* discusses agency *as if* the non-movant was attempting to raise an affirmative defense by the affidavit to defeat the motion. There the court disallowed the affidavit for that reason even though it later called the non-movant's claim a denial. *See id.* at 498. The court stated:

> If he wishes to raise an affirmative defense to defeat the movant's entitlement to summary judgment, he must expressly present that defense to the trial court, by written answer or other response. [*Clear Creek*, 589 S.W.2d at 678.]; *see also Cottrell v. Carrillon Associates, Ltd.*, 646 S.W.2d 491, 493 (Tex.App.— Houston [1st Dist.] 1982, writ ref'd n.r. e.).

*Id. Shank, Irwin* then held that the affidavit did not, by itself, constitute a response expressly raising the "agency" issue. It supported this holding by citing the *Holmes* and *Cottrell* decisions both of which pertain to raising affirmative defenses with affidavits which do not expressly present the issues. *Id.* The *Shank, Irwin* court concludes, "On the other hand, *if [the non-movant's] claim [of agency] is an affirmative defense*, [then the non-movant] is precluded from raising it on appeal...." *Id.* The court then discusses agency as a defense unrelated to its' decision about "unpresented" affidavits. *Id. Shank, Irwin* does not contemplate the adequacy of affidavits when both parties are movants.

When both parties move for a summary judgment, as in this case, each party must carry his or her own burden, and neither can prevail because of the failure of the other to discharge his burden. *Federal Deposit Ins. Corp. v. Attayi*, 745 S.W.2d 939, 948 (Tex.App.—Houston [1st Dist.] 1988, no writ); *The Atrium v. Ken-*

*win Shops of Crockett,* 666 S.W.2d 315, 318 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Since both motions for summary judgment were properly before the trial court at the hearing, all evidence accompanying both motions should be considered in deciding them. *DeBord v. Muller,* 446 S.W.2d 299, 301 (Tex.1969); *Kimble v. Aetna Cas. and Surety Co.,* 767 S.W.2d 846, 847 (Tex.App.—Amarillo, 1989, writ denied). Here, the court's order expressly states that when the judge granted appellee's cross-motion, thereby simultaneously denying appellant's motion for summary judgment, he "reviewed the papers on file" which included appellant's affidavit. The record thus indicates that the trial judge considered appellant's affidavit.

In *Engel v. Pettit,* 713 S.W.2d 770 (Tex. App.—Houston [14th Dist.] 1986, no writ), this court addressed the issue of whether filing of an affidavit alone is an adequate "response" under Tex.R.Civ.P. 166a(c). This court construed section (c) to mean that:

> [T]he filing of an affidavit alone, *without any additional responsive document,* is adequate as a response under the rule. Thus by filing the affidavit above, appellants met their burden under Rule 166A of filing a responsive document that sets forth those matters which they assert should defeat their opponent's motion for summary judgment.

*Id.* at 772.

In *Vaughn v. Burrough Corp.,* 705 S.W.2d 246 (Tex.App.—Houston [14th Dist.] 1986, no writ), this court held that the trial court's consideration of summary judgment evidence attached to previous motions, even though not incorporated by reference, was not reversible error. The *Vaughn* court stated:

> [W]hile it is true that [the movant] did not incorporate by reference evidence already on file with the court, ... It is clear to us that the appellant, the appellee and the court all proceeded upon the understanding that the evidence attached to the previous motions for summary judgment was probably before the court on this reconsideration of the summary

judgment and that this evidence was the basis of the motion the court was called upon to rule.

> While [the movant] should have incorporated evidence by reference, attached the evidence to the third motion for summary judgment or included it in an affidavit presented with the motion, the defect resulting from such failure in this case was one of form only.

705 S.W.2d at 248.

Appellee claims that *Vaughn* is distinguishable from the instant case because the evidence was properly attached to two previous motions for summary judgment and, therefore, did not need to be attached to a third motion. However, the third motion for summary judgment in the *Vaughn* case was heard by a different presiding judge. *Id.* The *Vaughn* court expressly held that the movant's evidence, although *not* attached to a third motion before a new trial judge, was competent summary judgment proof. *Id.; see also Steward v. United States Leasing Corp.,* 702 S.W.2d 288, 290 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). Therefore, under the particular facts of this case, the appellant's affidavit filed in support of his motion for summary judgment was properly before the court as proof in response to appellee's cross-motion.

■ It must now be determined whether the summary judgment proof established as a matter of law that no genuine issue of fact exists as to one or more of the essential elements of the appellant's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970); *Sorsby v. State,* 624 S.W.2d 227, 230 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). The movant for a summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. If there is a disputed material fact issue, the summary judgment evidence favorable to the non-movant will be taken as true. Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d

546, 548 (Tex.1985); *accord Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex. 1984). Applying these standards, the four grounds of appellee's cross-motion for summary judgment must be considered.

Appellee claims that its agreement to pay a 5% commission to the brokers was conditioned upon the brokers' obtaining seven specified marine vessels at an agreed price. Appellee also asserts that the initial purchase was to be conducted through a "shell corporation" created by Taylor. Appellant's affidavit states, "McDermott, Inc., specifically through Richard Faust, promised a 5% commission on any marine equipment which McDermott purchased from Brown & Root." Appellee's summary judgment proof fails to establish that there was a condition precedent as a matter of law. Well after the 5% commission was agreed upon, there was a "general conversation pro and con" about the feasibility of purchasing the equipment through a "shell corporation" for the purpose of "muddying up the water." The shell corporation was to be created to disguise the identity of the purchaser.

Appellee's own summary judgment proof indicates that the appellant and Mr. Taylor were responsible for bringing the parties together, and as a result of these three-party negotiations, a sale took place. Indulging the inferences in favor of the non-movant, the record shows that their effort was instrumental in bringing together the parties who ultimately consummated the transaction and were, therefore, the procuring cause of the purchase. *Brown Oil Tools, Inc. v. Broughton,* 353 S.W.2d 505, 506 (Tex.Civ.App.—Houston 1962, writ ref'd); *Keener v. Cleveland,* 250 S.W. 151 (Tex.Comm'n App.1923, judgm't adopted). Appellee argues that the brokerage agreement pertained only to particular pieces of equipment. However, three of the four pieces eventually purchased by appellee were part of the original brokerage agreement. The appellant's affidavit states:

We were requested to make bids to discuss with Brown and Root the marine equipment and possible purchase. We were expressly advised not to reveal for whom we were acting. We were also, as part of our agreement, to act exclusively for [appellee] and not to attempt to act for any other principals. From this original agreement we continued to discuss with Brown & Root their marine equipment to obtain information, specifications, equipment lists and prices. I also took [appellee's] employees or surveyors acting on [their] behalf to view Brown & Root equipment at various locations. *All of these efforts* on behalf of [appellee] were done at their request and were *continued through the time the marine equipment was purchased* by [the appellee] from Brown & Root. (italics ours).

By this affidavit, appellant alleges proof that he was the procuring cause of the sale.

■ Regarding appellee's affirmative defenses, a defendant urging a summary judgment on an affirmative defense is in the same position as a plaintiff urging the motion for summary judgment. The movant's burden is to prove conclusively all the elements of the affirmative defense as a matter of law so that there is no genuine issue of material fact. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex. 1984). Unless the movant meets this burden, the non-movant has no burden to go forward with like proof. *Torres v. Western Casualty & Surety,* 457 S.W.2d 50, 52 (Tex.1970). The Texas Supreme Court has established the principals which control cases involving accord and satisfaction in *Jenkins v. Henry C. Beck, Co.,* 449 S.W.2d 454 (Tex.1969). In *Jenkins,* the court held:

[T]he affirmative defense of accord and satisfaction ... rests upon a new contract, express or implied, in which the parties agree to the discharge of the existing obligation by means of the lesser payment tendered and accepted. (citation omitted).

\*    \*    \*    \*    \*    \*

The evidence must establish an assent of the parties to an agreement that the amount paid by the debtor to the creditor was in full satisfaction of the entire claim.

\*    \*    \*    \*    \*    \*

There must be an unmistakable communication to the creditor that tender of the lesser sum is upon the condition that acceptance will constitute satisfaction of the underlying obligation. It has been said that the conditions must be made plain, definite and certain (citation omitted); that the statement accompanying the tender of a sum less than the contract price must be so clear, full and explicit that it is not susceptible to any other interpretation (citation omitted); that the offer must be accompanied with acts and declarations which creditor "is bound to understand." (citation omitted).

449 S.W.2d at 455; *see George Linskie Co. v. Miller–Picking Corp.*, 463 S.W.2d 170 (Tex.1971). The summary judgment proof here does not meet these requirements.

■■■■ Appellee also argues that, as a matter of law, appellant released all of his claims against appellee through his agent Taylor who signed a letter to that effect. Appellee contends that since Taylor and appellant were partners, Taylor was acting as appellant's agent when he signed the release. Appellee refers to the fact that Taylor and the appellant agreed to split commissions evenly in support of its contention that they were partners. The Texas Uniform Partnership Act, Tex.Rev.Civ. Stat.Ann. art. 6132b § 7(3), states explicitly that sharing of gross returns does not in itself establish a partnership. *Gutierrez v. Yancey*, 650 S.W.2d 169, 172 (Tex.App.— San Antonio 1983, no writ). Appellee offers summary judgment proof that Taylor referred to the appellant as his partner. This alone does not create a partnership. Mere legal conclusions can not give rise to an issue of a disputed fact such as the existence of a partnership. *See Keenan v. Gibralter Savings Assoc.*, 754 S.W.2d 392, 393 (Tex.App.—Houston [14th Dist.] 1988, no writ). The allegation that appellant authorized Taylor to sign a release is controverted by the appellant's affidavit which states that at no time did he agree to a reduction in the brokerage fee. The claim by appellee that appellant ratified Taylor's action by accepting $50,000 cannot be established as a matter of law without con-

clusive evidence that the appellant was aware of the terms of the release. *BancTEXAS Allen Parkway v. Allied American Bank*, 694 S.W.2d 179, 181 (Tex.App.— Houston [14th Dist.] 1985, no writ). Clearly, the summary judgment proof was inadequate to establish as a matter of law the affirmative defenses of accord and satisfaction and release.

The summary judgment proof properly before the trial court expressly presented a genuine issue of material fact. A trial is required. The summary judgment is reversed and the cause remanded for a trial on the merits.