**BANCTEXAS ALLEN PARKWAY, et al., Appellants,**

v.

**ALLIED AMERICAN BANK, Appellee.**

No. A14–85–016CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 23, 1985.

Rehearing Denied June 27, 1985.

Murray Fogler, Fulbright & Jaworski, Jacalyn D. Scott, Bonham, Carrington & Fox, Houston, for appellants.

Michael B. Lee, Fouts & Moore, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a declaratory judgment which determined the priority of liens on certain real property located in Harris County. The controlling issue of this appeal is whether the trial court properly disregarded a jury finding of ratification of a note and granted judgment notwithstanding the verdict. We affirm.

Jeffrey Leppard and George Wade were co-owners of an air-conditioning business incorporated as Leppard & Wade, Inc. (hereinafter referred to as "the corporation"). Real property belonging to the corporation was transferred to a partnership composed of Wade, Leppard and Ragan and named WL Company (hereinafter referred to as "the partnership"). The part-nership agreement provided that the signature of all three partners was essential to, among other things, borrow money. Loans on the real property were consolidated by BancTEXAS, then known as the Standard Bank, and a deed of trust, dated April 7, 1982, was properly executed by the three partners to secure the loan to the partnership. This deed of trust contained the standard future advances clause.

In late 1982, the corporation had reached its loan limit with BancTEXAS and began searching for a new source of funds, which it found with Allied American Bank (hereinafter referred to as "Allied.") Allied loaned the corporation one million dollars which was used to pay off the outstanding notes of the corporation at BancTEXAS in excess of three quarters of a million dollars and the remainder was to be used as working capital. Unknown to Allied was the fact that the corporation account at BancTEXAS was overdrawn in the approximate amount of $400,000. Leppard, alone, then signed on February 1, 1983, a promissory note on behalf of the partnership in the amount of $300,000, payable to BancTEXAS, to cover part of the corporate debt. (The validity of this note and BancTEXAS' attempt to secure it under the future advances clause in its deed of trust is the subject of this appeal).

In early June, 1983, Allied received a tax levy on the corporation. Feeling insecure, Allied sought additional security on the corporate note. On June 10, 1983, the partnership properly executed a deed of trust to secure Allied's loan to the corporation. Subsequently, the partnership defaulted on its notes to BancTEXAS and the corporation defaulted on its note to Allied. BancTEXAS began foreclosure proceedings on the partnership property. Allied instituted this suit seeking (1) to enjoin BancTEXAS from foreclosing on the property and (2) a declaratory judgment that its lien was superior to that of BancTEXAS.

BancTEXAS pled ratification by Wade and Ragan of the disputed note, and prior to submission of the case to the jury con-

fessed that Allied's lien should be declared to have priority over the $300,000 BancTEXAS note unless the jury found ratification of the note by the other two partners. The jury answered the ratification issues favorably to BancTEXAS, but the trial court granted judgment notwithstanding the verdict concerning ratification by Ragan.

■ In its first two points of error, BancTEXAS contends that there existed legally sufficient evidence of ratification to support the verdict and therefore the trial court erred in granting Allied's motion for judgment notwithstanding the verdict. In order for us to sustain the trial court's action in granting the judgment notwithstanding the verdict, we must determine that there is no evidence having probative force upon which the jury could have made their findings. *Burt v. Lochausen*, 151 Tex. 289, 249 S.W.2d 194, 199 (1952). In reviewing the evidence, we must disregard any contrary evidence and only consider evidence and reasonable inferences therefrom in the light most favorable to the party against whom the motion was granted. *Leyva v. Pacheo*, 163 Tex. 638, 358 S.W.2d 547, 550 (1962). We cannot however consider presumptions of facts that rest upon facts presumed. *Texas Sling Company v. Emanuel*, 431 S.W.2d 538, 541 (Tex.1968). After carefully studying the record for any evidence to support the verdict, we conclude the trial court's granting of Allied's motion for judgment notwithstanding the verdict was proper.

■ Where ratification is relied upon to establish the principal's liability for an unauthorized act of his agent, the burden of proof is on the party who asserts ratification. *Thermo Products Co. v. Chilton Independent School District*, 647 S.W.2d 726, 733 (Tex.App.—Waco 1983, writ ref'd n.r.e.). Ratification of an unauthorized act may be express or it may be implied from a course of conduct. *Petroleum Anchor Equipment, Inc. v. Tyra*, 419 S.W.2d 829, 834 (Tex.1967). However, where silence is the basis of ratification, it is required that knowledge of all material facts be pos-

sessed by the principal. *Diamond Paint Company of Houston v. Embry*, 525 S.W.2d 529, 535 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). With the foregoing principles in mind, we will now review the evidence.

The only testimony at trial which approached the necessary direct evidence to support the element of knowledge was the following:

Q: Mr. Leppard, did you ever inform James Ragan about this $300,000 loan?

A: I informed him after I signed it.

Q: At anytime after you signed this loan, did either Mr. Wade or Mr. Ragan disapprove or protest in any way your signing that Note.

A: Not to me directly or to anyone else for that knowledge (sic)—of my knowledge.

BancTEXAS candidly acknowledged in oral argument that this testimony is not sufficient to show that Ragan had knowledge of the loan being taken in the name of the partnership. BancTEXAS however takes the position that the above testimony combined with certain circumstances provides legally sufficient evidence to support the verdict. As we understand, the circumstances on which BancTEXAS relies are: 1) there were regular partnership meetings; 2) all three partners met in January to discuss the corporate loan by Allied; 3) Ragan was the bookkeeper of the corporation; and 4) each partner was allowed access to the books and records of the partnership.

■ It was incumbent upon BancTEXAS to show at the very least that Ragan knew the $300,000 loan *was taken in the name of the partnership*. BancTEXAS failed to establish this through direct testimony. After reviewing the "circumstances," we conclude that they also failed to demonstrate any knowledge by Ragan of the unauthorized loan. Not one of these circumstances even remotely implies or indicates that Leppard informed Ragan of the partnership loan or that the partnership loan was ever discussed. As to BancTEXAS' assertion

**182**

that, as bookkeeper, Ragan knew of the corporate overdrafts, this inference, even if proper, would not demonstrate Ragan's knowledge of the partnership loan. However, we believe BancTEXAS takes a position which is not well justified by the record. Wade testified that "Ragan wasn't the bookkeeper all this time. We had several bookkeepers, but right prior to the million dollar loan.... It was Pat Durio who was a CPA." We cannot discern from the record when Ragan was the bookkeeper or when the corporate overdrafts occurred.

It is fundamental that the critical factors in determining ratification are 1) the principal's subsequent knowledge of the transaction and 2) his actions thereafter. *Land Title Company of Dallas v. F.M. Stigler, Inc.*, 609 S.W.2d 754, 756 (Tex.1980). From our review of the record, we find no evidence to support the critical factor of knowledge. Additionally, even if we could assume Ragan knew of the transaction, there is no evidence to support the inference that Ragan acquiesced an *unreasonable period of time*. BancTEXAS' first two points are overruled. This renders moot the third point concerning the assessment of attorney's fees.

The judgment is affirmed.