Affirmed in Part, Reversed and Remanded in Part, and Memorandum Opinion
filed August 9, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00136-CV

___________________

 

JONATHAN WASSERBERG, Appellant

 

V.

 

84 LUMBER COMPANY, L.P.,
Appellee



 



 

On
Appeal from the 234th District Court

Harris County,
Texas



Trial Court Cause No. 2008-28131

 



 

 

MEMORANDUM OPINION

This is an appeal from a traditional
summary judgment in favor of a lumber company on its claim against an individual
who allegedly guaranteed the debt of another.  Concluding that the summary-judgment
evidence raises a fact issue as to whether the individual executed the alleged guaranty,
we reverse and remand the trial court’s summary judgment regarding this claim.

I.  Factual and Procedural Background

            Appellee/plaintiff
84 Lumber Company, L.P. (“84 Lumber”) extended credit to Waterhill Companies
Limited (“Waterhill”) for the purchase of building supplies.  Under its account
with 84 Lumber, Waterhill accepted delivery but did not pay for $648,274.79 in
building supplies that 84 Lumber delivered to Waterhill between September 7,
2007, and February 13, 2008.  

In May 2008, 84 Lumber sued Waterhill as well as its general
partners, Canary Financial, L.L.C. and Wasserberg Investment, Inc. (hereinafter
“General Partners”), and the President of Wasserberg Investment, Inc., Jonathan
Wasserberg.  84 Lumber sought to recover the principal amount of $648,274.79 on
the account, plus interest and attorney’s fees.  84 Lumber also sought to
foreclose various mechanic’s and materialman’s liens.  84 Lumber alleged that Jonathan
Wasserberg guaranteed the full and prompt payment of Waterhill’s debt to 84
Lumber.  Jonathan Wasserberg as well as Waterhill and the General Partners
asserted counterclaims against 84 Lumber.  

 Attached to 84 Lumber’s petition is Waterhill’s credit
application containing personal guaranty language. On its face, the credit
application, dated August 30, 2005, appears to have been signed by Jonathan Wasserberg. 
But, Jonathan Wasserberg’s Second Amended Answer contains his verified denial
that he signed the credit application. In this pleading, Jonathan Wasserberg
expressly denies that he or anyone acting under his authority executed the
credit application.  

84 Lumber filed a “Second Motion for Summary Judgment”[1]
(“Second Motion”) seeking partial summary judgment on all of its claims against
all named defendants.  One month later, 84 Lumber filed another motion for partial
summary judgment (“Third Motion”) seeking dismissal of the defendants’ counterclaims. 
On October 1, 2009, the trial court granted 84 Lumber’s Second Motion.  The
following month, on November 11, 2009, the trial court granted 84 Lumber’s
Third Motion, thus granting final judgment for 84 Lumber.  

On appeal, Jonathan Wasserberg asserts that the trial court
erred in granting summary judgment against him and in favor of 84 Lumber because
he raised a genuine issue of material fact as to whether he executed the guaranty
that was the only basis for 84 Lumber’s claim against him.

II.  Standard of Review

In a traditional motion for summary judgment, if the
movant’s motion and summary-judgment evidence facially establish his right to
judgment as a matter of law, the burden shifts to the nonmovant to raise a
genuine, material fact issue sufficient to defeat summary judgment.  M.D.
Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex.
2000).  In our de novo review of a trial court’s summary judgment, we consider
all evidence in the light most favorable to the nonmovant, crediting evidence
favorable to the nonmovant if reasonable jurors could, and disregarding contrary
evidence unless reasonable jurors could not.  Mack Trucks, Inc. v. Tamez,
206 S.W.3d 572, 582 (Tex. 2006).  The evidence raises a genuine issue of fact
if reasonable and fair-minded jurors could differ in their conclusions in light
of all of the summary-judgment evidence.  Goodyear Tire & Rubber Co. v.
Mayes, 236 S.W.3d 754, 755 (Tex. 2007).  When, as in this case, the order
granting summary judgment does not specify the grounds upon which the trial
court relied, we must affirm the summary judgment if any of the independent
summary-judgment grounds is meritorious.  FM Props. Operating Co. v. City of
Austin, 22 S.W.3d 868, 872 (Tex. 2000).  

III.  Analysis

 

Is there a basis to summarily affirm based on the
appellant’s failure to challenge all summary-judgment grounds on appeal?

 

As a preliminary matter, 84 Lumber asserts that this court
should summarily affirm the trial court’s judgment because Jonathan Wasserberg
has not challenged all of the grounds upon which the trial court granted
summary judgment.  If Jonathan Wasserberg has not challenged all of the independent
grounds upon which the trial court rendered summary judgment on 84 Lumber’s
claim against him, this court should summarily affirm the trial court’s
judgment.  See Navarro v. Grant Thornton, LLP, 316 S.W.3d 715,
719–20 (Tex. App.—Houston [14th Dist.] 2010, no pet. h.).  Though Jonathan Wasserberg
has challenged the summary-judgment grounds in the Second Motion, he has not
challenged the grounds in the Third Motion.  84 Lumber asserts that based on
this failure, this court should summarily affirm.  Because the trial court did
not specify the grounds upon which it granted summary judgment, the trial court
impliedly granted summary judgment upon each ground in the Second Motion and in
the Third Motion.  See FM Props. Operating Co., 22
S.W.3d at 872.  If 84 Lumber sought judgment on its claim against Jonathan
Wasserberg in the Third Motion, then this court would have to affirm based upon
his failure to challenge these grounds in his opening appellate brief.  See
Navarro, 316 S.W.3d at 719–20.  

In its Third Motion, 84 Lumber asserted that there is no
evidence to support the defendants’ affirmative defenses and their
counterclaims.  84 Lumber also asserted that the defendants had waived their
affirmative defenses and counterclaims.  If these assertions were correct, then
84 Lumber would be entitled to dismissal of the defendants’ counterclaims, but 84
Lumber would not be entitled to judgment on its claims against the defendants. 
The failure of the defendants’ counterclaims and affirmative defenses does not
establish the defendants’ liability on 84 Lumber’s affirmative claims for
relief.  In the Third Motion, 84 Lumber sought a take-nothing judgment against
the defendants on their counterclaims, but 84 Lumber did not seek judgment on its
claims against the defendants.  On appeal, Jonathan Wasserberg does not seek to
reverse the trial court’s dismissal of any counterclaims; he seeks reversal as
to the trial court’s money judgment against him.  Therefore, Jonathan Wasserberg
does not have to challenge the grounds in the Third Motion on appeal, and this
court need not address these grounds.  See id.

Can the trial court’s
summary judgment be affirmed based upon alleged defects in the verified denial?


 

On appeal, 84 Lumber asserts that this court may affirm the trial court’s
summary judgment because of alleged defects in Jonathan Wasserberg’s verified
denial that he executed the guaranty or authorized its execution.  84 Lumber
argues that Jonathan Wasserberg’s verified denial is insufficient because it is
neither positive nor unequivocal and because the jurat reflects that he signed
the verification on December 16, 2009, even though the verified denial was
filed with the trial court on January 20, 2009.  But 84 Lumber did not assert
any of these arguments in its Second Motion, and therefore, this court cannot
affirm the trial court’s summary judgment based upon these arguments.  See
Stiles v. Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993) (noting that appellate
courts can affirm summary judgments based only on a ground
expressly stated in the motion for summary judgment).  In addition, the record
reflects that 84 Lumber did not raise this issue in the trial court until after
the trial court had granted 84 Lumber’s Second Motion.  Therefore, this issue
was tried by consent.  See Ingram v. Deere, 288 S.W.3d 886, 892–93 (Tex.
2009).  Accordingly, any defect in Jonathan Wasserberg’s verified denial does
not provide a basis for affirming the trial court’s summary judgment.

Can the trial court’s
summary judgment be affirmed based upon an alleged defect in the respondent’s
summary-judgment affidavit? 

 

On appeal, 84 Lumber asserts that Jonathan Wasserberg’s summary-judgment
affidavit cannot have raised a fact issue precluding summary judgment because the
date contained in the affidavit’s jurat cannot be the correct date.  The jurat
reflects that Jonathan Wasserberg signed his affidavit on November 24, 2008. 
But 84 Lumber claims that, in his affidavit, Jonathan Wasserberg refers to an
exhibit to 84 Lumber’s Second Motion, which was filed on August 28, 2009. 
Therefore, 84 Lumber argues, it is impossible for Jonathan Wasserberg to have
signed the affidavit on August 28, 2009, and this affidavit cannot raise a
genuine issue of material fact.  

84 Lumber’s complaint regarding the date in the jurat of the
affidavit is a defect of form.  But 84 Lumber did not raise any objection to
this defect in the trial court or obtain a ruling on any such objection from
the trial court.  Therefore, 84 Lumber waived this complaint.  See Transcontinental
Ins. Co. v. Briggs Equipment Trust, 321 S.W.3d 685, 700 (Tex. App.—Houston
[14th Dist.] 2010, no pet.).  In any event, presuming for the sake of argument
that 84 Lumber properly raised this issue and that 84 Lumber showed that the
jurat contained the wrong date, the jurat need not contain a date for there to
be a valid affidavit.  See Omodele v. Adams, No. 14-01-00999-CV, 2003 WL
133602, at *5, n.1 (Tex. App.—Houston [14th Dist.] Jan. 16, 2003, no pet.)
(mem. op.) (holding that lack of date in jurat did not make affidavit
invalid).  Therefore, the absence of a date in the jurat or the wrong date in
the jurat would not make Jonathan Wasserberg’s affidavit invalid.  See id. 
The trial court’s summary judgment cannot be affirmed based upon the alleged
defect in this summary-judgment affidavit.

Did the summary-judgment evidence raise a genuine
issue of material fact as to the execution of the alleged guaranty?

On appeal, Jonathan Wasserberg
contends that his affidavit raised a genuine issue of material fact precluding
summary judgment in favor of 84 Lumber on its claim against him.  84 Lumber,
however, contends that Jonathan Wasserberg’s affidavit is substantively
defective and therefore insufficient to defeat summary judgment because it
contains only legal conclusions.  Though 84 Lumber did not voice this complaint
in the trial court, this argument may be raised for the first time on appeal.  See
Transcontinental Ins. Co., 321 S.W.3d at 693, n.1.  

A statement is conclusory if it
provides a conclusion but no underlying facts in support of the conclusion.  See
Hou-Tex., Inc. v. Landmark Graphics, 26 S.W.3d 103, 112 (Tex. App.—Houston
[14th Dist.] 2000, no pet.). In his affidavit, Jonathan Wasserberg states that
the signature affixed to the credit application is not authentic and is not his
signature.  Jonathan Wasserberg states that he did not sign the credit
application or authorize anybody to sign it on his behalf.  We conclude that
these statements are statements of fact and are not conclusory.  See Pico v.
Capriccio Italian Restaurant, Inc., 209 S.W.3d 902, 909–10 (Tex.
App.—Houston [14th Dist.] 2006, no pet.) (holding that terse and somewhat vague
statements were not conclusory); Hou-Tex., Inc., 26 S.W.3d at 112
(holding statement that party provided no good or service to company and did
not have any communication with that company concerning certain software was
not conclusory).  

In support of its argument that Jonathan
Wasserberg’s statements are conclusory, 84 Lumber cites Cruse v. O’Quinn. 
See 273 S.W.3d 766, 777–78 (Tex. App.—Houston [14th Dist.] 2008, pet.
denied), a case in which this court considered statements by the affiant that
he had completed all work required of him under a fee-sharing agreement on more
than two hundred cases by a certain point in time.  See id.  This court
noted that the fee-sharing agreement provided that the affiant and a law firm
would jointly represent the clients whose cases were subject to the fee-sharing
agreement.  See id.  This court noted that the more than two hundred
cases had not settled or been finally resolved by the time in question and that
the agreement required the affiant to provide representation in these cases. 
See id.  This court concluded that the affiant’s statement that he had
completed all work required of him under the agreement was conclusory because
it set forth a conclusion regarding what was required under the agreement but
did not explain how the statement could be correct given the language of the
agreement.  See id.  The Cruse case is not on point.

Without citing any authority, 84
Lumber also asserts that Jonathan Wasserberg’s statements are conclusory
because he did not state that his signature was a forgery.  The failure to
state that the signature in question was placed on the credit application as a
result of forgery does not make the statements conclusory nor does it prevent Jonathan
Wasserberg from raising a fact issue as to whether he executed the alleged guaranty. 
It is possible that the signature in question was placed upon the credit
application by a person other than Jonathan Wasserberg, but that the elements
required for the criminal offense of forgery were not all present.  See
Tex. Pen. Code Ann. § 32.21(b) (West 2011) (stating that to commit the offense
of forgery, a person must forge a writing with “intent to defraud or harm
another”).  It is also possible that Jonathan Wasserberg does not have
sufficient information to determine who put the signature in question on the
credit application and whether that person acted with intent to defraud or harm
another.  Jonathan Wasserberg was not required to state that the signature was
forged to raise a fact issue as to whether he signed the credit application. 

Without citing any authority, 84
Lumber also asserts that Jonathan Wasserberg’s statements are conclusory
because he never states that he did not ratify the signature on the credit
application.  But, in its traditional summary-judgment motion, 84 Lumber did
not assert that another person signed the credit application on Jonathan Wasserberg’s
behalf or that Jonathan Wasserberg ratified any unauthorized signature. 
Instead, 84 Lumber asserted that Jonathan Wasserberg signed the credit
application.  We cannot affirm the trial court’s summary judgment based upon a
ratification theory because this ground was not contained in the Second Motion. 
See Stiles, 867 S.W.2d at 26.  In addition, 84 Lumber would have the burden
of proving any alleged ratification by Jonathan Wasserberg of an unauthorized
signature on the credit application, and 84 Lumber presented no
summary-judgment evidence proving such a ratification.  See Banctexas Allen Parkway v. Allied American
Bank, 694 S.W.2d 179, 181–82 (Tex. App.—Houston [14th Dist.] 1985, no
writ).

84 Lumber also asserts that Waterhill
and Jonathan Wasserberg “were not forthcoming in discovery” and that Jonathan Wasserberg
“refused to produce . . . relevant discovery.”  84 Lumber argues that because Jonathan
Wasserberg allegedly failed to produce discovery relevant to the signing of the
credit application, this court should conclude that his affidavit does not
raise a genuine issue of material fact precluding summary judgment.  Alleged
discovery abuse or difficulties in the discovery process may be relevant to an
argument that the trial court should postpone a ruling on a summary-judgment
motion.  But these issues are not relevant to determining whether
summary-judgment evidence filed in response to a traditional summary-judgment
motion raises a genuine issue of material fact.  To the extent 84 Lumber
believes that Jonathan Wasserberg engaged in discovery abuse, it may seek
relief from the trial court and from appellate courts.  The trial court did not
strike Jonathan Wasserberg’s affidavit as a discovery sanction, and any
discovery abuse by him would not provide a basis for this court to ignore his
affidavit in adjudicating this appeal.

            Under the applicable
standard of review, we conclude that the nonconclusory statements in Jonathan Wasserberg’s
affidavit are sufficient to raise a genuine issue of material fact precluding
summary judgment on 84 Lumber’s claim against him.  See Olivieri v. Antoni,
No. 10-06-0004-CV, 2007 WL 117621, at *2 (Tex. App.—Waco Jan. 17, 2007, no
pet.) (mem.op.) (holding non-movant raised fact issue precluding summary
judgment as to whether he had executed contract that was the basis for movant’s
claim against nonmovant).  Jonathan Wasserberg’s sole issue is sustained.  

IV.  Conclusion

Jonathan Wasserberg’s failure to challenge
on appeal the summary-judgment grounds in 84 Lumber’s Third Motion does not
provide a basis for this court to summarily affirm the trial court’s summary
judgment in favor of 84 Lumber.  This court cannot affirm the trial court’s
summary judgment based upon alleged defects in Jonathan Wasserberg’s verified
denial or the alleged defect in his summary-judgment affidavit.  The
summary-judgment evidence raised a genuine issue of material fact as to whether
Jonathan Wasserberg executed the guaranty.  Accordingly, we sustain his sole
appellate issue, sever the part of the trial court’s judgment addressing 84
Lumber’s claim against Jonathan Wasserberg, reverse that part of the trial
court’s judgment, remand for further proceedings consistent with this opinion,
and affirm the remainder of the trial court’s judgment.       

 

 

/s/        Kem Thompson Frost

Justice

 

 

Panel
consists of Chief Justice Hedges and Justices Frost and Christopher.  

 

 









[1] While the
name of this motion suggests that 84 Lumber may have filed a prior motion for
summary judgment, the appellate record does not reflect whether 84 Lumber had
previously filed a summary-judgment motion.