O AND B FARMS, INC. and B and O Farms, LLC, Appellants,

v.

Eldon Jay BLACK, Kevin Lee Donahoo, Thomas D. Horrell, Jr., Charles R. Weeks, Ronald R. Swisshelm, and Casey Ross Gray, Appellees.

No. 14–08–00595–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 29, 2009.

Aubrey R. Williams, Waco, TX, for Appellants.

Rickey Lee Bryan, Hico, TX, for Appellees.

Panel consists of Chief Justice HEDGES and Justices YATES and FROST.

## OPINION

LESLIE B. YATES, Justice.

Appellants O and B Farms, Inc. and B and O Farms, LLC (collectively "O & B") appeal from a post-trial judgment entered in favor of appellees Eldon Jay Black, Kevin Lee Donahoo, Thomas D. Horrell, Jr., Charles R. Weeks, Ronald R. Swisshelm and Casey Ross Gray. In six issues, O & B argues that the evidence is legally insufficient to support several of the jury's answers, that appellees' tort claims are legally barred, and that there is no basis to support an award of exemplary damages. We modify the trial court's judgment and affirm as modified.

## BACKGROUND

O & B hires truck drivers to haul agricultural and non-agricultural loads to its customers. Appellees are all truck drivers who worked for O & B at various times between July 2002 and April 2005. Their compensation for non-agricultural loads was based on a percentage of the total amount O & B received from the delivery customer. Beginning in the summer of 2004 and continuing through April 2005, O & B charged its customers on non-agricultural loads a fuel surcharge but did not include the amount of the surcharge in the total from which the drivers' pay was calculated.

Appellees sued O & B after learning of this practice. They claimed breach of contract, arguing that their compensation agreements with O & B, which were not in writing, required O & B to pay drivers based on the entire amount paid by the customer, including the fuel surcharges. Appellees also claimed fraud and conspiracy to commit fraud, asserting that the documents used to calculate driver pay constituted misrepresentations because they did not include the fuel surcharges. The jury found that O & B breached its contracts with appellees and awarded damages ranging from $900 to $6,300 per driver, based on a formula appellees used to estimate the number of non-agricultural loads hauled in their respective tenures and the amount of fuel surcharge on each load. The jury also found that O & B engaged in fraud and was part of a civil conspiracy to commit fraud, but appellees did not request a separate damages finding for fraud based on their theory that one was not necessary because the fraud and contract damages were identical. Finally, the jury found $3,350 in reasonable and necessary attorney's fees and awarded exemplary damages for each driver in an amount that equaled twenty percent of the

contract damages awarded that driver. This appeal followed.

On appeal, O & B raises the following issues: (1) the evidence is legally insufficient to support the award of attorney's fees, (2) there is no basis to award exemplary damages because there was no finding of an independent tort with actual damages, (3) the evidence is legally insufficient to support a finding of fraud, (4) the evidence is legally insufficient to support a finding of civil conspiracy, (5) the economic loss rule bars any tort claims, and (6) the evidence is legally insufficient to support an award of actual damages.

## ANALYSIS

### A. Fraud

In its third issue, O & B argues the evidence is legally insufficient to support the jury's fraud finding. In a legal sufficiency or no evidence review, we determine whether the evidence would enable reasonable and fair-minded people to reach the finding under review. *See City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005). In conducting this review, we credit favorable evidence if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not. *See id.* We must consider the evidence in the light most favorable to the finding under review and indulge every reasonable inference that would support it. *See id.* at 822. We must, and may only, sustain no evidence points when either the record reveals a complete absence of evidence of a vital fact, the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, the evidence offered to prove a vital fact is no more than a mere scintilla, or the evidence establishes conclusively the opposite of the vital fact. *Id.* at 810.

■■ O & B contends that there is no evidence of reliance, which is an essential element of any fraud claim. *See Haase v. Glazner,* 62 S.W.3d 795, 798 (Tex.2001); *Gray v. Waste Res., Inc.,* 222 S.W.3d 522, 524 (Tex.App.-Houston [14th Dist.] 2007, no pet.). A fraud plaintiff must prove that based on the alleged misrepresentation, he either took an action or failed to take an action, which caused him harm. *See Van Marcontell v. Jacoby,* 260 S.W.3d 686, 691 (Tex.App.-Dallas 2008, no pet.); *TCA Bldg. Co. v. Entech, Inc.,* 86 S.W.3d 667, 674 (Tex.App.-Austin 2002, no pet.). Appellees presented no evidence of any action taken or not taken in reliance on the alleged misrepresentations.[1] For example, there is no evidence that they passed up the opportunity to drive other higher paying loads or that they could have quit their jobs with O & B and obtained a better paying job. *See Johnson & Johnson Med., Inc. v. Sanchez,* 924 S.W.2d 925, 928, 930 (Tex.1996) (rendering take nothing judgment on fraud claim because plaintiff did not show detrimental reliance on employer's promise of job recall after layoff by, for example, turning down other job offers). Indeed, the testimony from three drivers showed that truck driving jobs in the area were difficult to obtain at that time. Without evidence that they suffered an actual loss based on an action they did or did not take in reliance on O & B's alleged misrepresentations, appellees' fraud claims fail. *See Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 211 (Tex.2002); *Johnson & Johnson,* 924 S.W.2d at 930. We sustain O & B's third issue.

■ In its second issue, O & B argues there is no basis to award exemplary damages without a finding of liability and dam-

ages on a tort. *See Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 304 (Tex. 2006) (exemplary damages available for fraud but not contract claims). Because we have determined that no legally sufficient evidence supports appellees' fraud claims, we sustain this issue as well. We also sustain O & B's fourth issue because without a fraud finding, there is no underlying tort to support a civil conspiracy finding. *See Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.,* 51 S.W.3d 573, 583 (Tex.2001). Finally, we need not consider O & B's fifth issue in which it alleges the economic loss rule bars appellees' tort claims because we have rejected those claims on other grounds.

**B. Damages**

In its sixth issue, O & B asserts that the evidence is legally insufficient to support the jury's award of actual damages to appellees. Neither O & B nor the drivers had complete records showing either the exact number of non-agricultural loads each driver hauled or the amount of the fuel surcharge on each load. Instead, each driver estimated that he hauled an average of 1.5 non-agricultural loads per week and that the average fuel surcharge on each load was $400. They based their estimates on data gathered from the driving records available for all the drivers. They then asked the jury to use that information, along with the weeks they worked and the percentage to which each was entitled, to derive the amount of actual damages.

O & B argues that the damages award is based on speculation and conjecture because the drivers do not have documents showing the actual number of non-agricultural loads hauled or the fuel surcharge amount on each load. According to O & B,

---

1. Appellees concede they are not claiming they were fraudulently induced to enter their employment agreements with O & B.

the damages calculation formula appellees used ignores the actual number of non-agricultural loads hauled, the actual fuel surcharge amount, and whether a driver's tenure corresponded to the time frame the fuel surcharge was in effect.

 Damages must be established with reasonable certainty, not mathematical precision. *See Qaddura v. Indo–European Foods, Inc.*, 141 S.W.3d 882, 890 (Tex.App.-Dallas 2004, pet. denied); *State v. Buckner Constr. Co.*, 704 S.W.2d 837, 843–44 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.). If the fact of damages has been established, then the inability to calculate the exact amount of damages is not fatal. *See Qaddura*, 141 S.W.3d at 890; *Anderson, Greenwood & Co. v. Martin*, 44 S.W.3d 200, 219 (Tex. App.-Houston [14th Dist.] 2001, pet. denied). If the best available evidence affords a reasonable basis for the jury to calculate damages, then recovery cannot be denied because the exact amount of damages cannot be ascertained. *See Vance v. My Apartment Steak House of San Antonio, Inc.*, 677 S.W.2d 480, 484 (Tex.1984); *Buckner*, 704 S.W.2d at 843–44.

 O & B does not contest that, based on the jury's breach of contract finding, appellees were damaged. The issue then is the amount of damages, which could not be calculated precisely because the necessary documents no longer exist. The formula used to calculate damages is based on estimates of the number of non-agricultural loads hauled and the fuel surcharge amount per load, and those estimates were based on the available documents. It was up to the jury to determine how to apply the formula to each driver. *See El Paso Natural Gas Co. v. Minco Oil & Gas Co.*, 964 S.W.2d 54, 71 (Tex.App.-Amarillo 1997) (affirming damages award, noting that fact finder could have discred-

ited some of the figures derived from the application of the damages equation), *rev'd on other grounds*, 8 S.W.3d 309 (Tex.1999); *see also Anderson*, 44 S.W.3d at 219 (stating that jury has discretion to award damages within the range of evidence presented at trial). O & B does not allege that the jury's application of the formula actually resulted in a specific improper damages award to any driver based on their individual circumstances. We conclude the damages formula gave the jury a reasonable basis to calculate appellees' damages. *See Qaddura*, 141 S.W.3d at 891 (finding sufficient evidence to support damages award based on plaintiff's calculation to estimate amount of sales); *see also Vance*, 677 S.W.2d at 484; *Buckner*, 704 S.W.2d at 843–44. We overrule O & B's sixth issue.

### C. Attorney's Fees

 In its first issue, O & B asserts that the evidence is legally insufficient to support an award of attorney's fees. The jury was asked to determine "a reasonable fee for the necessary services" of appellees' attorney and awarded $3,350. O & B argues the evidence is insufficient to show that amount was reasonable and necessary. Appellees' attorney's testimony in support of attorney's fees was very brief. After stating where he went to law school, counsel testified that he had been practicing law for eight years, "was familiar with rates ... charged by attorneys," and had spent about 172 hours on the case. He explained that he had a contingent fee contract with the appellees that provided he would receive one-third of any recovery as his fee.

 This evidence is insufficient to support an award of attorney's fees. The jury was asked to award reasonable and necessary attorney's fees, but appellees did not provide sufficient evidence for the jury to evaluate what was reasonable and

necessary. A contingent fee agreement alone is not a sufficient basis to determine an appropriate fee award. *See Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818–19 (Tex.1997); *San Antonio Credit Union v. O'Connor,* 115 S.W.3d 82, 105–06 (Tex.App.-San Antonio 2003, pet. denied). That a plaintiff and his attorney agree on a fee does not establish that such a fee is reasonable and appropriate to shift to the defendant. *Arthur Andersen,* 945 S.W.2d at 818. Rather, a plaintiff must request a specific amount of fees, not a percentage of the damages, and must show that the amount requested is reasonable and necessary. *See id.* at 819; *Castle Tex. Prod. Ltd. P'ship v. Long Trusts,* 134 S.W.3d 267, 278–79 (Tex.App.-Tyler 2003, pets. denied); *San Antonio Credit,* 115 S.W.3d at 106. Factors to consider when determining if a fee request is reasonable are:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen,* 945 S.W.2d at 818 (quoting Tex.R. Disciplinary P. 1.04, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A–1 (Vernon 2005) (alteration in original)). Counsel's bare testimony of the name of his law school, his years practicing, and the hours he worked on the case does not establish that any particular fee is reasonable. Indeed, though he testified he is familiar with the rates attorneys charge, he did not specify to which attorneys he was referring and never stated that their fees are reasonable. Further, he did not request a specific amount of fees, instead testifying that appellees had agreed to pay him a percentage of their recovery.[2] We conclude that this evidence is legally insufficient to give the jury a basis for determining that any amount of attorney's fees was reasonable and necessary. *See Arthur Andersen,* 945 S.W.2d at 819; *see also San Antonio Credit,* 115 S.W.3d at 106–07 (rendering take nothing judgment on attorney's fees claim, noting claimant relied on contingent fee and did not present evidence "that a specific amount of money was a reasonable attorney's fees award"). We sustain O & B's first issue.

## CONCLUSION

We conclude that the evidence is legally insufficient to support the jury's verdict on appellees' fraud and civil conspiracy claims or to support an award of attorney's fees or exemplary damages. Accordingly, we modify the trial court's judgment to reflect that appellees take nothing on their fraud and civil conspiracy claims and to delete the award of attorney's fees and exempla-

---

**2.** Counsel did testify that he incurred $3,377.53 in litigation expenses but was clear on both direct and cross examination that

these were not fees, and the jury was asked only to assess fees.

ry damages. We affirm the judgment as modified.