ACCEPTED
03-14-00470-CV
3723534
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/11/2015 11:41:18 AM
JEFFREY D. KYLE
CLERK

# No. 03-14-00470-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/12/2015 11:41:18 AM
JEFFREY D. KYLE
Clerk

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS

## Jose G. Chavez, *appellant*

## v.

## Juan Francisco Martinez, *appellee*

On Appeal from County Court at Law No. 2
Travis County, Texas

Tr. Ct. No. C-1-CV-13-008449

# APPELLEE'S BRIEF

Timothy A. Hootman, SBN 09965450
2402 Pease St
Houston, TX 77003
713.247.9548
713.583.9523 (f)
Email: thootman2000@yahoo.com

Bill Malone, Jr., SBN 12877500
8650 Spicewood Springs, No 145-598
Austin, TX 78759
512.346.9600

ATTORNEYS FOR APPELLEE, JUAN
FRANCISCO MARTINEZ

ORAL ARGUMENT NOT REQUESTED

1

# LIST OF PARTIES AND COUNSEL

The following persons and entities are parties or counsel in this case:

| | |
|---|---|
| **Appellant:** | Jose G. Chavez, *pro se* |
| **Appellee:** | Juan Francisco Martinez |
| **Counsel for appellee in the trial court:** | Bill Malone, SBN 12877500<br>8650 Spicewood Springs, No. 145-598<br>Austin, TX 78759<br>512.346.9600 |
| **Counsel for appellee on appeal:** | Timothy A. Hootman, SBN 09965450<br>2402 Pease St.<br>Houston, TX 77003<br>713.247.9548<br>713.583.9523 (f)<br>Email: thootman2000@yahoo.com<br><br>and<br><br>Bill Malone |

# TABLE OF CONTENTS

LIST OF PARTIES AND COUNSEL ................................................................. 2

TABLE OF CONTENTS ............................................................................... 3

INDEX OF AUTHORITIES ........................................................................... 4

STATEMENT OF CASE ............................................................................... 7

STATEMENT OF FACTS ............................................................................. 8

SUMMARY OF ARGUMENT ....................................................................... 13

ARGUMENT AND AUTHORITIES ............................................................... 14

    a. Standard of review applicable to this case................................14

        i. *The standard of review regarding a traditional motion for summary judgment.*................................................14

        ii. *Late filed evidence responsive to a motion for summary judgment.*....................................15

    b. Procedural default.................................................................16

    d. Discussion.............................................................................18

        i. *Whether there is a fact question that Chavez signed the personal guarantee.*.............................................. 18

        ii. *Late filed evidence responsive to a motion for summary judgment.*....................................20

        iii. *Whether the trial court erred "regarding the amount of interest owed under the Note".* .....................................21

        iv. *Whether the award of $33,333.33 for attorney's fees for work performed in the trial court is proper.*.................................... 23

PRAYER ................................................................................................ 33

CERTIFICATE OF WORD COUNT .............................................................. 34

CERTIFICATE OF SERVICE ...................................................................... 34

# INDEX OF AUTHORITIES

***Cases:***

*½ Price Checks Cashed v. United Automobile Ins. Co.*, 344 S.W.3d
378 (Tex. 2011) ....................................................................... 24, 25, 26

*Amesisys, Inc. v. Kingwood Home Helath Care, LLC*, 437 S.W.3d
507 (Tex. 2013) ..................................................................................14

*AMX Enterprises v. Master Realty, Corp.*, 283 S.W.3d 506 (Tex.
App.—Fort Worth 2009, no pet. ) ...................................................... 30

*Aquila Sw. Pipeline, Inc. v. Harmony Exploration, Inc.*, 48 S.W.3d
225 (Tex. App.—San Antonio 2001, pet. denied) ............................. 31, 33

*Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812 (Tex.
1997) ........................................................................ 23, 27, 29, 30

*Benchmark Bank v. Crowder*, 919 S.W.2d 657 (Tex. 1996) ........................ 15, 19

*Blankinship v. Brown*, 399 S.W.3d 303 (Tex. App.—Dallas 2013, pet.
denied) .................................................................................... 18

*Bocquet v. Herring*, 972 S.W.2d 19 (Tex. 1998) ................................................ 26

*Brooks v. Brooks*, 786 S.W.2d 499 (Tex. App.—Houston [1st Dist.]
1990, writ denied) ...............................................................................17

*Burnside Air Conditioning v. T.S. Young*, 113 S.W.3d 889 (Tex.
App.—Dallas 2003, no pet. ) ................................................................28

*Castle Tex. Prod. Ltd. P'ship v. Long Trusts*, 134 S.W.3d 267 (Tex.
App.—Tyler 2003, pet. denied) ........................................................... 29

*City of Laredo v. Montano*, 414 S.W.3d 731 (Tex. 2014) ...........................31, 32

*Cleveland v. Taylor*, 397 S.W.3d 683 (Tex. App.—Houston [1st Dist.]
2012, pet. denied) ........................................................................... 29

*Elite Towing, Inc. v. LSI Financial Group*, 985 S.W.2d 645 (Tex.
App.—Austin 1999, no pet. ) ..............................................................16

*El Apple I, Ltd v. Olivas*, 370 S.W.3d 757 (Tex. 2012) ...23, 27, 28, 29, 30, 31, 32

*Enterprise Leasing of Houston v, Barrios*, 156 S.W.3d 547 (Tex.
2004) .................................................................................14, 16, 28

*Farmer v. Ben E. Keith Co.*, 919 S.W.2d 171 (Tex. App.—Fort Worth
1996, no writ)................................................................................ 15, 19

*Great American Reserve Ins. Co. v. Britton*, 406 S.W.2d 901 (Tex. 1966) .................................................................................................. 29

*Hasty v. Inwood Buckhorn*, 908 S.W.2d 494 (Tex. App.—Dallas 1995, writ denied) ................................................................................. 26

*Healthronics, Inc. v. Lisa Laser USA, Inc.*, 382 S.W.3d 567, 577 (Tex. App.—Austin 2012, no pet. ) .............................................. 28

*Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308 (Tex. App.— Houston [1st Dist.] 2010, pet. denied) .................................................17

*Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507 (Tex. 1998) .............................................................................21

*Long v. Griffin*, 442 S.W.3d 253 (Tex. 2014) ........................................30, 31, 32

*Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844 (Tex. 2009) .........................................................................................15

*McMahan v. Greenwood*, 108 S.W.3d 467 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ................................................................. 16, 19

*McMahon v. Zimmerman*, 433 S.W.3d 680 (Tex. App.—Houston [1st Dist.] 2014, no pet. ) .............................................................................31, 32

*Mercier v. Southeastern Bell Yellow Pages, Inc.*, 214 S.W.3d 770 (Tex. App.—Corpus Christi 2007, no pet. ) ............................................. 24

*Moayedi v. Interstate 35/Chisam Road, L.P.*, 438 S.W.3d 1 (Tex. 2014) .............................................................................................................21

*Murphy v. McDermott, Inc.*, 807 S.W.2d 606 (Tex. App.—Houston [14th Dist.] 1991, no writ) ....................................................................... 15, 19

*Neimes v. Ta*, 985 S.W.2d 132 (Tex. App.—San Antonio 1998, pet. dism'd by agr. ) .................................................................................15

*O and B Farms, Inc. v. Black*, 300 S.W.3d 418 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ........................................................... 29

*O'Farrill Avila v. Gonzalez*, 974 S.W.2d 237 (Tex. App.—San Antonio 1998, pet. denied) ........................................................................31, 33

*Perry v. Cohen*, 272 S.W.3d 585 (Tex. 2008) ................................................. 18

*Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554 (Tex. App. Austin 2004, no pet. ) ........................................................................28

*Priesmeyer v. Pac. Sw. Bank, F.S.B.*, 917 S.W.2d 937 (Tex. App.—
Austin 1991, no writ) ........................................................ 15, 19

*Protect Envtl. Servs. v. Norco Corp.*, 403 S.W.3d 532 (Tex. App.—El
Paso 2013, pet. denied)........................................................31, 32

*Rockwall Commons Associates, Ltd v. MRC Mortgage Grantor
Trust*, 331 S.W.3d 500 (Tex. App.—El Paso 2010, no pet. ) ......................17

*Sabine Offshore Svc. Inc. v. City of Port Arthur*, 595 S.W.2d 840
(Tex. 1970)........................................................................17

*San Antonio Credit Union v. O'Connor*, 115 S.W.3d 82 (Tex. App.—
San Antonio 2003, pet. denied)........................................ 24, 29

*Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545 (Tex. 2009)................. 25, 30

*Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211 (Tex. 2002) ...............................15

*Waddy v. City of Houston*, 834 S.W.2d 97 (Tex. App.—Houston [1st
Dist.] 1992, writ denied) ................................................16, 19

*Woollett v. Matyastik*, 23 S.W.3d 48 (Tex. App.—Austin 2000, pet.
denied) ......................................................................... 29

*World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662 (Tex. App.—
Fort Worth 1998, pet. denied)........................................... 22

### *Statutes:*

TEX. CIV. PRAC. & REM. CODE § 38.001 ......................................... 25

TEX. CIV. PRAC. & REM. CODE § 38.004 .....................................26, 31

TEX. R. APP. P. 38.1 ...............................................................17, 20

TEX. R. APP. P. 38.9...................................................................... 18

TEX. R. CIV. P. 166a(c) ........................................................ 15, 19, 28

TEX. R. DISCIPLINARY P. 1.04........................................................ 27

TEX. R. EVID. 702 ....................................................................... 29

# STATEMENT OF THE CASE

Appellee, Juan Francisco Martinez ("Martinez"), sued appellant, Jose G. Chavez ("Chavez"), for fraud in the inducement, breach of contract, and unjust enrichment related to Martinez loaning Design Workz LLC $100,000.00 as documented with a "Real Estate Lien Note" that contains a personal guarantee provision signed by Chavez (CR 5-6). Chavez filed a *pro se* answer asserting a general denial (CR 11).

After Martinez filed a motion for summary judgment, Chavez sought a continuance so that he could (1) "hire an attorney"; and (2) have "more time to produce documents relative to case" (CR 18). The trial court granted the motion for continuance (CR 19), but Martinez neither hired an attorney nor filed a response to the motion for summary judgment; thus, the trial court signed a final judgment that awards Martinez $100,000.00, interest in the amount of $62,876.71, attorney's fees, and post judgment interest in the amount of 18% per year (CR 21).

Thirty days after the final judgment was signed, Chavez filed a "Defendants' Notice of Appearance of Counsel" (CR 22) and a motion for new trial including evidence that had not be filed before (CR 24-41). The motion for new trial was denied.

This appeal follows.

# STATEMENT OF FACTS

The appellate record reflects that on 1 October 2009, Martinez and Design Workz, LLC signed a document entitled "Real Estate Lien Note" (called "Note" herein) (CR 15-17). The Note states that Design Workz, LLC will pay Martinez $100,000.00 by 1 October 2010 (CR 15). The Note also contains a personal guarantee signed by Chavez which states:

> For value received, I, Jose Chavez, absolutely and unconditionally guarantee payment of this note according to its terms to the same extent as if I were Marker of this Note (CR 17).

Chavez did not include in the appellate record the motion for summary judgment filed by Martinez. He admits in his Appellant's Brief, however, that Martinez did in fact file a motion for summary judgment. *See* Aplt. Br. at 6, 7, 9, 10, 11. This is also admitted in Chavez's motion for new trial (CR 24).

Chavez includes in the appellate record the affidavit of Martinez (CR 13-14) and Martinez's trial counsel (CR 12) which were part of the evidence before the trial court when the motion for summary judgment was ruled on—this can be determined by looking at the dates the affidavits were filed compared with the dates of the other trial court filings.

Martinez states in his affidavit that:

> Chavez guaranteed that he would pay the $100,000.00 promissory note signed by Design Workz, LLC.

8

Payments on the note were in default since on or about 1 October 2010.

The agreed upon rate of interest was 18% per year.

Demand had been made and refused.

"Plaintiff has performed all conditions precedent for recovery on the agreements for recovery of attorney's fees." (CR 13-14).

Also attached to Martinez's affidavit is the Note that is the basis of this case (CR 15-17) which provides that the principal amount owed is $100,000.00, that there is a fixed rate of interest of 40% (CR 15), and states:

"If this note ... is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement ... then Maker shall pay Payee all costs of collection and enforcement, including reasonable attorney's fees and court costs, in addition to other amounts due. Reasonable attorney's fees shall be 10% of all amounts due unless either party pleads otherwise" (CR 16).

"Interest on the debt evidenced by this note shall not exceed the maximum amount of nonusurious interest that may be contacted for" (CR 16).

"Interest shall be computed on the basis of a year of three hundred sixty (360) days, and accrued on the number of days funds are actually outstanding" (CR 16).

"If any payment or installment becomes overdue for more than ten (10) days, at Investor's option, five percent (5%) of the overdue payment, with a minimum of $25.00, may be charged in order to defray the expense of handling the delinquent payment" (CR 16-17).

The portion of Martinez's trial counsel's affidavit that is particularly relevant to this appeal states:

9

> "It is my opinion that a reasonable and necessary attorney's fee for the prosecution of this action through the signing of a Judgment on this Motion for Summary Judgment is at least $33,333.33" (CR 12).

Chavez sought a continuance of Martinez's motion for summary judgment so that he could (1) "hire an attorney"; and (2) have "more time to produce documents relative to case" (CR 18). The trial court granted the motion for continuance (CR 19), but Martinez neither hired an attorney nor filed a response to the motion for summary judgment, and therefore, the trial court signed a final judgment (CR 21).

Chavez states in his Appellant's Brief that he testified at the hearing on the motion for summary judgment, but he has not caused a transcription of that hearing to be made part of the appellate record. *See* Aplt. Br. at 6, 7.

Thirty days after the final judgment was signed, Chavez filed a "Defendants' Notice of Appearance of Counsel" (CR 22) and a motion for new trial including new evidence that had not be filed in response to the motion for summary judgment (CR 24-41). Attached to the motion for new trial were the affidavits of Chavez (CR 31-32) and Dan Honig (CR 37-38). Chavez states in his affidavit:

> He is the President of Design Workz LLC (CR 32).
>
> Martinez "agreed to invest $100,000.00 in the project in the form of a loan" (CR 32).
>
> He attaches a copy of a signed note that does not contain a personal guarantee (CR 34-36).

10

Honig states in his affidavit that:

> He is the founder of Design Workz LLC (CR 34).
>
> Martinez "agreed to invest $100,000.00 in the project in the form of a loan" (CR 34).
>
> He attaches a copy of an unsigned "standard form" note he claims is "given to all investors, such as Mr. Martinez"—the form does not contain a personal guarantee provision (CR 38-41).

Although he did not file a motion for leave to file this evidence out-of-time, Chavez argues in his motion for new trial that the this late-filed evidence presents fact questions as to (1) whether Chavez signed the personal guarantee; (2) "the amount owed pursuant to the Note"; and (3) "the amount of interest owed under the Note" (CR 25-26). The motion for new trial also argues that (4) the award of $33,333.33 for attorney's fees incurred in the trial court is improper because the attorney's fee affidavit "provides no detail whatsoever on the nature of the work conducted, who performed those services, their rate, when the services were performed, or how long those services took" (CR 28). The motion for new trial does not challenge the award of appellate attorney's fees.

The motion new trial was denied either by operation of law or by written motion—Chavez did not cause the order denying the motion for new trial, if any, to be made part of the appellate record.

In his Appellant's Brief, Chavez argues that (1) there is a question of fact as to whether he signed a personal guarantee; (2) there is a question of fact as to the amount owed pursuant to the Note; (3) the trial court erred

11

"regarding the amount of interest owed under the Note"; and (4) the award of $33,333.33 for attorney's fees incurred in the trial court is improper—Chavez does not challenge the award of appellate attorney's fees.

# SUMMARY OF ARGUMENT

Point of Error 1—which argues that there is a fact question as to whether Chavez signed the personal guarantee—should be overruled because the evidence Chavez attached to his motion for new trial in support of this argument was not timely filed in the trial court, and therefore, may not be used on appeal.

Point of Error 2—which argues that there is a fact question as to the amount owed on the Note—should be overruled because there is no evidence in the appellate record supporting the factual grounds that Chavez cites to for this argument.

Point of Error 3—which argues that an issue of material fact exists regarding the amount of interest to be paid on the amount of debt—should be overruled because the unambiguous language of the Note supports the trial court's calculation of interest as a matter of law.

Point of Error 4—which argues the trial court's summary judgment regarding attorney's fees in the amount of $33,333.33 for the trial work is improper—should be overruled because the contingency fee method of calculating a reasonable attorney's fee was used by Martinez and the sum of $33,333.33 was bolstered by the trial court's taking judicial notice of the usual and customary attorney's fee and of the contents of the case file, as allowed by section 38.004 of the Civil Practice & Remedies Code regarding a claim to collect on a written agreement.

13

# ARGUMENT AND AUTHORITIES

## a. Standards of review applicable to this case.

### i. The standard of review regarding a traditional motion for summary judgment.

Summary judgment is reviewed de novo. *Enterprise Leasing of Houston v, Barrios*, 156 S.W.3d 547, 549 (Tex. 2004). The party moving for a traditional summary judgment has the burden to submit sufficient evidence that establishes on its face that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Amesisys, Inc. v. Kingwood Home Helath Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2013). When a movant meets its burden of establishing each element of the claim or defense on which it seeks summary judgment, the burden then shifts to the non-movant to disprove or raise an issue of fact as to at least one of those elements. *Id.* But if the movant does not satisfy its initial burden, the burden does not shift and the non-movant need not respond or present any evidence. *Id.* This is because summary judgments must stand or fall on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right to judgment. *Id.* at 511-12. Thus, a non-movant who fails to raise any issues in response to a summary judgment may still challenge, on appeal, the legal sufficiency of the grounds presented by the movant. *Id.* at 512.

14

To determine if there is a fact issue, the evidence is viewed in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A reviewing court should indulge every reasonable inference and resolve any doubt in the non-movant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

### ii. Late filed evidence responsive to a motion for summary judgment.

Rule 166a(c) provides that "[e]xcept on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response." TEX. R. CIV. P. 166a(c); *Murphy v. McDermott, Inc.*, 807 S.W.2d 606, 609 (Tex. App.—Houston [14th Dist.] 1991, no writ). Evidence may be late-filed only with leave of court. *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996); *Neimes v. Ta*, 985 S.W.2d 132, 139 (Tex. App.—San Antonio 1998, pet. dism'd by agr.); *Farmer v. Ben E. Keith Co.*, 919 S.W.2d 171, 176 (Tex. App.—Fort Worth 1996, no writ); *see also Priesmeyer v. Pac. Sw. Bank, F.S.B.*, 917 S.W.2d 937, 939 (Tex. App.—Austin 1991, no writ) (per curiam) ("Summary judgment evidence must be submitted, at the latest, by the date the summary judgment was [signed]."). If the trial court allows late filing

of a response to a motion for summary judgment, the court "must affirmatively indicate in the record acceptance of the late filing." *Farmer*, 919 S.W.2d at 176. In the absence of such an indication that the trial court allowed the late filing, the appellate court should presume that the trial court refused the late filing, even if the response appears as part of the appellate record. *Waddy v. City of Houston*, 834 S.W.2d 97, 101 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (finding nothing in the record indicating that the trial court granted leave for a late filing, giving rise to a presumption that the court did not consider the late response and, thus, the appellate court could not consider the response).

Unless the movant on rehearing or motion for new trial following the grant of a summary judgment shows that the evidence "could not have been discovered through due diligence prior to the ruling on a summary judgment motion," additional evidence may not be considered on rehearing. *McMahan v. Greenwood*, 108 S.W.3d 467, 500 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

**b.    Procedural default.**

When an appellant fails to cause relevant portions of the trial court's record to be made part of the appellate record, the issues in question are waived. *See Enterprise Leasing*, 156 S.W.3d at 549-50; *Elite Towing, Inc. v. LSI Financial Group*, 985 S.W.2d 645, 645 (Tex. App.—Austin 1999, no pet.). Here, Chavez claims that he testified during the motion for summary

16

judgment hearing and that that evidence should be a reason to set aside the trial court's summary judgment order. *See* Aplt. Br. at 6, 7. Even if such evidence could be used as a basis for challenging the summary judgment order, it has not been made part of the appellate record. Additionally, he attaches documents to his Appellant's Brief which are not included in the Clerk's Record. These items cannot be considered by this Court. *Sabine Offshore Svc. Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1970); *Brooks v. Brooks*, 786 S.W.2d 499, 501 (Tex. App.—Houston [1st Dist.] 1990, writ denied).

This Court could overrule Points of Error 1, 2, and 3 raised in Appellants' brief because of the inadequate briefing of Chavez failing to provide record citations in the statement of facts and citations to legal authorities in the argument portion of the brief regarding these Points. Tex. R. App. P. 38.1 (f), (h). In this regard, Rule 38 of the Rules of Appellate Procedure and many opinions make clear that a brief on appeal must provide legal argument discussing pertinent facts supported by record citations and citations to legal authority demonstrating the basis for the relief requested, otherwise the issues are waived. Tex. R. App. P. 38.1 (f), (h); *Rockwall Commons Associates, Ltd v. MRC Mortgage Grantor Trust*, 331 S.W.3d 500, 509 (Tex. App.—El Paso 2010, no pet.); *Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308, 321 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). This rule should not be lightly applied by the

17

appellate courts. TEX. R. APP. P. 38.9; *Ditta v. Conte*, 298 S.W.3d 187, 190 (Tex. 2009); *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam). The Fifth Court of Appeals recently summed up this are of the law by saying:

> Although appellate courts generally construe the briefing rules liberally, points of error unsupported by the citation of authority present nothing for review. *Blankinship v. Brown*, 399 S.W.3d 303, 307 (Tex. App.—Dallas 2013, pet. denied).

Assuming this Court is willing to overlook Chavez's briefing inadequacies, the following discussion is applicable to the merits of Chavez's arguments.

## c. Discussion.

### i. Whether there is a fact question that Chavez signed the personal guarantee.

In his Point of Error 1, Chavez argues that there is a fact question as to whether he signed the personal guarantee. *See* Aplt. Br. at 7, 9. In making this argument, Chavez relies exclusively on two affidavits—his own affidavit and that of Dan Honig—that he attached to his motion for new trial (CR 31-32; 37-38). More particularly, Chavez claims that because his affidavit attaches a signed note that *does not* have a personal guarantee signed by Chavez, and because Honig's affidavit attaches a form note which Design Works LLC routinely uses which also *does not* have a personal guarantee provision, that therefore a fact question arises as to whether the

18

Note attached to Martinez's summary judgment that *does* have a personal guarantee signed by Chavez was in fact signed by Chavez.

The two affidavits, however, cannot be relied on as a basis for challenging the trial court's grant of summary judgment because they were filed after the summary judgment order was signed, Chavez did not obtain leave of court to file them out-of-time, and there is no evidence that the evidence could not have been discovered through due diligence prior to the ruling on a summary judgment motion. TEX. R. CIV. P. 166a(c); *Benchmark Bank*, 919 S.W.2d at 663; *McMahan*, 108 S.W.3d at 500; *Neimes*, 985 S.W.2d at 139; *Farmer*, 919 S.W.2d at 176; *Priesmeyer*, 917 S.W.2d at 939; *Waddy*, 834 S.W.2d at 101; *Murphy*, 807 S.W.2d at 609;.

Chavez does not argue that the evidence offered by Martinez in support of his motion for summary judgment is insufficient, but only that the two affidavits attached to his motion for new trial give rise to a material fact question. Accordingly, Chavez's argument in Point of Error 1 that there is a fact question as to whether he signed the personal guarantee should be overruled.

### ii. Whether there is a fact question as to the amount owed on the Note.

In his Point of Error 2, Chavez argues that there is a fact question as to the amount owed on the Note. *See* Aplt. Br. at 7, 10. The entirety of the argument made by Chavez in his Appellant's Brief in support of this claim is the following:

> A fact issue also exists as to whether Mr. Martinez received partial payment on the Note and is not due the entire principle of $100,000. In 2010, Mr. Martinez was provided 3,500,000 shares of tradable stock in a company called CLX Medical, Inc. in consideration of the debt under the Note. The transfer of stock constituted partial payment on the Note. Therefore, a genuine issue of material fact exists regarding the amount of money owed to Plaintiff. *See* Aplt. Br. at 10.

Chavez cites to no portion of the record for the factual basis of his argument that Martinez was provided stock, that the stock were tradable, that CLX Medical is in fact a company, or that the alleged transfer was to be partial payment on the Note. Of course, factual assertions on appeal must be supported by the record. TEX. R. APP. P. 38.1(g).

There being no factual basis in the summary judgment record to support the factual allegations underlying Chavez's Point of Error 2, the point should be overruled.

20

### *iii. Whether the trial court erred "regarding the amount of interest owed under the Note".*

In his Point of Error 3, Chavez argues that an issue of material fact exists regarding the amount of interest to be paid on the amount of debt. *See* Aplt. Br. at 7, 10. The entirety of the argument made by Chavez in support of this claim is the following:

> An issue of material fact exists on the interest rate charged under the note. According to Plaintiff's affidavit, "Defendant agreed to pay 18% interest per year on all sums past due." [Citing affidavit of Martinez.] This is the rate the Court's order states Defendant is obligated to pay. The Note, however, clearly states that the annual interest rate on unpaid principle is a fixed rate of 40%. Therefore, there is an inconsistency between the rate of interest alleged by Plaintiff and the Note and Plaintiff failed to provide an explanation for this inconsistency. Accordingly the proper rate of interest owed on the debt is a genuine issue of material fact. *See* Aplt. Br. at 10.

The trial court's order awards Martinez $62,876.71 for pre-judgment interest and 18% post-judgment interest (CR 21).

When parties agree to interest, contract principles apply for determining the rate of interest owed under the agreement. *See Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998). In interpreting a contract, of course, the language of the agreement is key. *Moayedi v. Interstate 35/Chisam Road, L.P.*, 438 S.W.3d 1, 7 (Tex. 2014) (applying contract principles in construing a guarantee agreement). Moreover, the interpretation of an unambiguous contract is a question of

21

law. *Id.*

There is no allegation by Chavez that the Note is ambiguous. *See World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662, 680 (Tex. App.—Fort Worth 1998, pet. denied) (stating that ambiguity is an affirmative defense that must be raised by the pleadings). And, the controlling language of the Note states that "[i]nterest ... shall not exceed the maximum amount of nonusurious interest that may be contracted for" and that "[i]nterest shall be computed on the basis of a year and three hundred sixty (360) days, and accrued on the number of days funds are actually outstanding" (CR 16).

Because 18% interest per annum is the maximum amount of interest that may be contracted for under Texas law, the statement in Martinez's affidavit that "Defendant agreed to pay 18% interest per year on all sums past due" (CR 13) is accurate and the trial court's award of 18% post-judgment interest is proper. As for the 40% Chavez refers to in his succinct argument, the Note states that there is a "[f]ixed rate of forty percent" interest on the unpaid principal (CR 15), **unless** the Note is "given to an attorney for collection or enforcement," in which case "[i]nterest on the debt will not exceed the maximum amount of nonusurious interest that may be contracted for" (CR 16). This is what happened and therefore the trial court entered judgment regarding interest exacting as agreed to by the parties.

Because the language of the Note regarding interest is clear and can be given a fixed meaning as a matter of law, the trial court was correct awarding Martinez $62,876.71 for pre-judgment interest and 18% post-judgment interest (CR 21). Chavez's argument in Point of Error 3 that a genuine issue of material fact exists regarding the amount of interest to be paid on the amount of debt is simply not supported by the record or the language of the Note and should therefore be overruled.

### iv. Whether the award of $33,333.33 for attorney's fees for work performed in the trial court is proper.

In his Point of Error 4, Chavez argues that the trial court's summary judgment regarding attorney's fees in the amount of $33,333.33 for the trial work is improper. *See* Aplt. Br. at 7, 10-11. Chavez does not argue that Martinez is not *entitled* to attorney's fees; rather, Chavez argues that the evidence in support of the $33,333.33 attorney's fee award for work performed in the trial court is "utterly deficient under Texas law," citing as authority for this argument *El Apple I, Ltd v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012) and the opinions holding that a contingent fee contract alone is insufficient to support an attorney's fees award.[1]

---

[1] *See, e.g., Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) ("A party's contingent fee agreement should be considered by the factfinder, and is therefore admissible in evidence, but that agreement cannot alone support an award of attorney's fees under Texas Business and Commerce Code section 17.50(d). In other words, the plaintiff cannot simply ask the jury to award a percentage of the recovery as a fee because without evidence of the

Chavez does not challenge the portion of the trial court's judgment awarding appellate attorney's fees, and therefore, the only issue for this Court is the factual support offered by Martinez in support of the award of $33,333.33 as a reasonable attorney's fee for the trial court work performed in pursuing the claim on the Note.

\* \* \*

Under Texas law, a court may award attorney's fees only when authorized by statute or by the parties' contract. *½ Price Checks Cashed v. United Automobile Ins. Co.*, 344 S.W.3d 378, 382 (Tex. 2011). Here, the Note states that "[i]f this note ... is given to an attorney ... them Maker shall pay ... reasonable attorney's fee ... [which] shall be 10% of all amounts due ***unless either pleads otherwise***" (emphasis added) (CR 16). Martinez pleaded in his original petition that he should be awarded "reasonable and necessary attorney's fees in the amount of at least $33,333.33" (CR 5). Therefore, per the language of the Note and Martinez's pleadings, Martinez

factors identified in Disciplinary Rule 1.04, the jury has no meaningful way to determine if the fees were in fact reasonable and necessary." "Second, because the jury is not informed what the total amount of the judgment will be, the jury can only speculate about whether a percentage of that unknown recovery will represent a reasonable and necessary fee in that particular case. Rather than leave this question to speculation, the jury must decide the question of attorney's fees specifically in light of the work performed in the very case for which the fee is sought.") (citations omitted); *Mercier v. Southeastern Bell Yellow Pages, Inc.*, 214 S.W.3d 770, 777 (Tex. App.—Corpus Christi 2007, no pet.) (discussing the statement in *Arthur Anderson* that recovery of an attorney's fee may not be based solely on evidence of a contingent fee); *San Antonio Credit Union v. O'Connor*, 115 S.W.3d 82, 105-06 (Tex. App.—San Antonio 2003, pet. denied) (stating that a contingent fee agreement alone is not a sufficient basis to determine an attorney's fee).

24

was entitled to more than 10% of all amounts due under the Note as attorney's fee, but only if the evidence and law supports the trial court's conclusion that there is no question of material fact that $33,333.33 was a reasonable attorney's fee for the work performed in the trial court.

Chapter 38 of the Civil Practice & Remedies Code provides that a "person may recover reasonable attorney's fees ... if the claim is for ... an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8). Because the Note in this case is a written contract, Chapter 38 applies.

The trial court must award attorney's fee under Chapter 38 if the claimant (1) pleads and prevails on a claim for which attorney's fees are permitted under section 38.001, (2) is represented by an attorney, (3) presents the claim to the opposing party or his agent, and (4) demonstrates that the opposing party did not tender payment within thirty days after the claim was presented. *Id.* at § 38.002; *½ Price Checks Cashed*, 344 S.W.3d at 383; *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009) ("If attorney's fees are proper under section 38.001(8), the trial court has no discretion to deny them."). Also under Chapter 38 the trial court may take judicial notice of usual and customary attorney's fees; in this regard, section 38.004 provides:

25

> The court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence in:
>
> (1) a proceeding before the court; or
>
> (2) a jury case in which the amount of attorney's fees is submitted to the court by agreement.

TEX. CIV. PRAC. & REM. CODE § 38.004. Under this provision the trial court may take judicial notice of the usual and customary attorney's fees, and those fees are presumed to be reasonable. This provision is unique among the myriad of attorney's fee statutes—it only exists in Chapter 38 and no other attorney's fee statute. *See Hasty v. Inwood Buckhorn*, 908 S.W.2d 494, 503 (Tex. App.—Dallas 1995, writ denied). Additionally, Chapter 38 (and therefore section 38.004) is to be construed liberally to promote its underlying purpose. *½ Price Checks Cashed*, 244 S.W.3d at 383.

\* \* \*

There has been some confusion as to what standard of review should be applied in the review of an award of attorney's fees.[2] Moreover, it is not

---

[2] *See, e.g., Bocquet v. Herring*, 972 S.W.2d 19, 22 (Tex. 1998) (Baker, J., dissenting joined by Enoch, J.) ("I agree with the Court that the question is what is the appellate standard of review of an attorney's fee award in a Declaratory Judgment Act case tried by the court. However, that is about all that I can agree on with the Court in this case. As best I can glean from the Court's opinion is that in a Declaratory Judgment Act case whether to award an attorneys' fees to either side is reviewed under an abuse of discretion standard; whether the fee, if awarded, is reasonable and necessary is reviewed under a legal and factual sufficiency standard; and whether the fee is equitable and just is reviewed under an abuse of discretion standard. The Court's decision makes for a schizophrenic review of attorney's fees in Declaratory Judgment Act cases. Accordingly, I dissent.").

wholly clear from Chavez's brief exactly how he is challenging the award of attorney's fees; however because (1) Chavez states that trial court's award of $33,333.33 is "utterly deficient under Texas law," (2) he relies on *El Apple*, and (3) he relies on opinions stating that a contingent fee contract alone is insufficient to support recovery of attorney's fees, it is reasonable to assume that he is challenging the ***reasonableness*** of the attorney's fee amount awarded. In reviewing the reasonableness of an award of attorney's fees, the reviewing court should consider:

1. the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

2. the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

3. the fee customarily charged in the locality for similar legal services;

4. the amount involved and the results obtained;

5. the time limitations imposed by the client or the circumstances;

6. the nature and length of the professional relationship with the client;

7. the experience, reputation, and ability of the lawyer or lawyers performing the services; and

8. whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*El Apple*, 370 S.W.3d at 761; *Arthur Andersen*, 945 S.W.2d at 818 (quoting TEX. R. DISCIPLINARY P. 1.04, reprinted in TEX. GOV'T CODE, tit. 2, subtit. G app. A-1). These factors are simply guidelines, not elements of proof, and therefore not all of the factors need to be considered or supported by

27

evidence. *Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 567 (Tex. App. Austin 2004, no pet.); *Burnside Air Conditioning v. T.S. Young*, 113 S.W.3d 889, 897-98 (Tex. App.—Dallas 2003, no pet.). The trial court's decision about the reasonableness of the attorney's fee award— which is a fact question—is reviewed for an abuse of discretion. *El Apple*, 370 S.W.3d at 761; *Healthronics, Inc. v. Lisa Laser USA, Inc.*, 382 S.W.3d 567, 577 (Tex. App.—Austin 2012, no pet.). Because in this case the fact question of reasonableness of the attorney's fee was determined by summary judgment, the standard of review is also within the context of whether Martinez proved that there is no genuine issue of material fact as to whether the amount of $33,333.33 was a reasonable attorney's fee for the trial court work performed. *See* TEX. R. CIV. P. 166a(c); *Little*, 148 S.W.3d at 381. In other words, the trial court did not err in granting the summary judgment regarding the attorney's fee award of $33,333.33 if the summary judgment evidence and the judicial notice provision contained in section 38.004 of Chapter 38 show that the award was a reasonable fee. And, of course, this Court reviews the trial court's summary judgment de novo. *Enterprise Leasing*, 156 S.W.3d at 549.

\* \* \*

Before a trier of fact (including a trial court on motion for summary judgment) may award any attorney's fee, the party requesting the fee must meet its burden of proof by offering competent evidence of what amount

28

would be reasonable. *Great American Reserve Ins. Co. v. Britton*, 406 S.W.2d 901, 907 (Tex. 1966). This evidence must come in the form of expert testimony because the question of what is a reasonable attorney's fee is a specialized area of knowledge. TEX. R. EVID. 702; *Cleveland v. Taylor*, 397 S.W.3d 683, 701 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *Woollett v. Matyastik*, 23 S.W.3d 48, 52 (Tex. App.—Austin 2000, pet. denied). The expert must state a specific sum of money—not just a percentage of the recovery—that is a reasonable fee. *Authur Anderson*, 945 S.W.2d at 819; *O and B Farms, Inc. v. Black*, 300 S.W.3d 418, 423 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *Castle Tex. Prod. Ltd. P'ship v. Long Trusts*, 134 S.W.3d 267, 278-79 (Tex. App.—Tyler 2003, pet. denied); *San Antonio Credit*, 115 S.W.3d at 106.

The specific sum—that is, the amount the expert believes is reasonable—may be proven thought the ***lodestar method*** or through the ***contingency fee method***.[3] (Other methods of proving reasonable

---

[3] *See El Apple*, 370 S.W.3d at 760 ("Under the lodestar method, the determination of what constitutes a reasonable attorney's fee involves two steps. First, the court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work. The court then multiplies the number of such hours by the applicable rate, the product of which is the base fee or lodestar. The court may then adjust the base lodestar up or down (apply a multiplier), if relevant factors indicate an adjustment is necessary to reach a reasonable fee in the case.") (citations omitted); and *id.* at 766 (Hecht, J., concurring, joined by Wainwright, J., and Willett, J.) ("[Another] surer indicator[] of a reasonable fee [other than the lodestar method] is what contingent fee might be reasonable had this been, say, a products liability case. A 50% contingent fee, taking into account the difficulty of the case and the reality that many cases are lost, would have been $51,500. Instead, the trial court awarded Olivas's attorneys 450% of her recovery [under the lodestar method].").

attorney's fees, not relevant to this appeal, exist.[4]  If the amount of the fee is proven through the lodestar method, the expert testimony must establish (1) that he or she is qualified to testify regarding the attorney's fee being sought, (2) what hourly rate for the attorney's fee would be reasonable for representation regarding the matter at issue, (3) that the particular amount of time spent working on the case is reasonable, and (4) that the *Authur Anderson* factors are satisfied.  *El Apple*, 370 S.W.3d at 760.

If the amount of the fee is proven through the contingency fee method, the expert witness must establish (1) that he or she is qualified to testify regarding the attorney's fee being sought, (2) that a particular percentage fee recovery for handling the matter at issue would be reasonable, (3) that a specific sum based on the percentage would be reasonable for the case at issue, and (4) that the *Authur Anderson* factors are satisfied.  *See Long v. Griffin*, 442 S.W.3d 253, 256 (Tex. 2014) (per curiam) ("In sum, under the lodestar method, no legally sufficient evidence supports the amount of attorney's fees the trial court awarded because no evidence indicates the time expended on the specific tasks for which attorney's fees may be recovered."); *El Apple*, 370 S.W.3d at 766; *see also Smith*, 296 S.W.3d at 547-48.

---

4    *See, e.g, AMX Enterprises v. Master Realty, Corp.*, 283 S.W.3d 506, 519 (Tex. App.—Fort Worth 2009, no pet.) (adopting the market value method to calculate in-house counsel's attorney's fees).

The specificity-of-billing requirement articulated in *El Apple* that applies to the lodestar method of proving a reasonable attorney's fee amount does not apply to the contingency fee method.[5]  Moreover, in a Chapter 38 proceeding, whether the lodestar method or the contingency fee method is used to prove what amount would be a reasonable fee, the reviewing court must also factor in section 38.004 which specifically allows the trial court to "take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence in [] a proceeding before this court."  TEX. CIV. PRAC. & REM. CODE § 38.003—.004.[6]

---

[5]   ***Compare*** *City of Laredo v. Montano*, 414 S.W.3d 731, 736-37 (Tex. 2014) ("The fee-shifting statute in this case, however, does not require that attorney's fees be determined under a lodestar method, as in *El Apple*.  The property owner nevertheless chose to prove up attorney's fees using this method and so our observations in *El Apple* have similar application here.  And, as was the 'proof' in *El Apple*, Gonzalez's testimony here is simply devoid of substance.") ***and*** *El Apple*, 370 S.W.3d at 760 & 766, ***with*** *Long*, 442 S.W.3d at 256 ("Even if supporting evidence is not required for the contingency fee method of proof (as it is for the lodestar method), the contingency fee method cannot support the trial court's fee award here because the final judgment awarded no monetary relief except for attorney's fees.").

[6]   *See also McMahon v. Zimmerman*, 433 S.W.3d 680, 693 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("Further, courts are free to look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties to determine a reasonable fee."); *Protect Envtl. Servs. v. Norco Corp.*, 403 S.W.3d 532, 543 (Tex. App.—El Paso 2013, pet. denied) ("Trial judges can draw on their common knowledge and experience as lawyers and as judges in considering the testimony, the record, and the amount in controversy in determining attorney's fees."); *Aquila Sw. Pipeline, Inc. v. Harmony Exploration, Inc.*, 48 S.W.3d 225, 241 (Tex. App.—San Antonio 2001, pet. denied) ("To determine whether an attorney's fee award is excessive, the reviewing court may draw upon the common knowledge of the justice[s] of the court and their experiences as lawyers and judges."); *O'Farrill Avila v. Gonzalez,*

Here, Martinez's attorney testified that the specific sum of $33,333.33 was a "reasonable and necessary attorney's fee for the prosecution of this action through a Judgment on this Motion for Summary Judgment" (CR 12). As Chavez points out in his motion for new trial (CR 28) and in his brief (Aplt. Br. at 11), this figure is obviously based on a one-third percentage of the $100,000.00 principal amount owed on the Note. Thus, it is clear that the contingency fee method is the basis of the attorney's fee award, meaning the specificity-of-billing requirement articulated in *El Apple* does not apply—that requirement applies only to attorney's fees being proven by the lodestar method. *Long*, 442 S.W.3d at 256; *Montano*, 414 S.W.3d at 736-37; *El Apple*, 370 S.W.3d at 760 & 766. Additionally, the trial court was entitled to "take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence" because this is a Chapter 38 proceeding. TEX. CIV. PRAC. & REM. CODE § 38.004. The trial court having relied on section 38.004, this Court should not reverse. Moreover, this Court should also consider the entire record and apply its common knowledge and experience in conducting its de novo review of the reasonableness of a $33,333.33 attorney's fee through final summary judgment for this type of case. *McMahon*, 433 S.W.3d at 693; *Protect Envtl. Servs.*, 403 S.W.3d at

974 S.W.2d 237, 248-49 (Tex. App.—San Antonio 1998, pet. denied) (discussing a situation in which the judge properly used personal experience and knowledge of attorneys to determine whether the fees were excessive).

32

543; *Aquila Sw. Pipeline*, 48 S.W.3d at 241; *O'Farrill Avila*, 974 S.W.2d at 248-49.

In short, the trial court was correct in entering final summary judgment that $33,333.33 was a reasonable attorney's fee for the trial work performed by Martinez's counsel, and Point of Error 4 should be overruled.

# PRAYER

Accordingly, appellee, Juan Francisco Martinez, prays that this Court affirm the judgment of the trial court.

Respectfully submitted,

/s/Timothy A. Hootman
Timothy A. Hootman
SBN 09965450
2402 Pease St
Houston, TX 77003
713.247.9548
713.583.9523 (fax)
E-mail: thootman2000@yahoo.com

Bill Malone, Jr.
SBN 12877500
8650 Spicewood Springs, No 145-598
Austin, TX 78759

ATTORNEYS FOR APPELLEE, JUAN FRANCISCO MARTINEZ

# CERTIFICATE OF WORD COUNT

I hereby certify that, in accordance with Rule 9.4 of the Texas Rules of Appellate Procedure, that the number of words contained in this document are 7,913 according to the computer program used to prepare this document.

Dated: January 11, 2015.

/s/Timothy A. Hootman_____
Timothy A. Hootman

# CERTIFICATE OF SERVICE

I hereby certify that, in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure, I have served the forgoing document upon the following attorneys by personal mail, by commercial delivery service, or by fax:

Jose G. Chavez, pro se
11520 Sweet Basil CT
Austin, TX 78726

Dated: January 11, 2015.

/s/Timothy A. Hootman_____
Timothy A. Hootman